UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| David Hiller | Davida Frieman |
| John Burton | |

**Proceedings:**  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 20, filed September 24, 2015)

## I.   INTRODUCTION & BACKGROUND

This civil rights lawsuit arises out of the arrest of plaintiff Allen Bernard Shay ("Shay") by Deputy Christopher Derry of the Los Angeles County Sheriff's Department on May 20, 2014. FAC ¶ 22. Plaintiff is a licensed real estate broker who represented a buyer, Eddie Turner, in the purchase of a house in January 2005. Id. ¶ 10. Both Shay and Turner are African-American men. Id.

In 2005, Turner financed the purchase of the house with two mortgages. Id. ¶¶ 10-11. Both mortgages were brokered by a Countrywide Home Loans employee Jeffrey Gleason, who is a Caucasian man. Id. Countrywide did not verify Turner's assets when it approved his loans. Shay was not aware of either of the mortgage transactions. Id.

In early 2007, Turner made arrangements to refinance the two loans through Gleason at Countrywide. Id. ¶ 12. Shay facilitated opening an escrow account with Mara Escrow but, to Shay's knowledge, the transaction did not go forward. Id. According to the FAC, a month later, Turner may have submitted falsified documents to secure the loan using a fax machine at Shay's office. Id. On March 30, 2007, Shay provided a short-term loan to Turner in the amount of $29,916.43, which Turner requested be made payable to Mara Escrow. Id. ¶ 14. Turner deposited the check into Mara Escrow to complete the refinancing action. Id. Shay, however, did not know the purpose of the loan. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                              'O'

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

In March 2012, Turner reported to Bank of America (Countrywide's successor) that he had not refinanced his home in 2007 and that he was a victim of identity theft. Id. ¶ 17. The Los Angeles County Sheriff's Department (LASD) opened an investigation, which revealed Turner's use of falsified documents to inflate his income and assets in connection with the 2005 and 2007 loan transactions. Id. ¶ 18. The investigation did not reveal that Shay had signed any loan documents relating to the 2005 and 2007 transactions. Id. On September 17, 2013, Deputy Derry interviewed Shay and asked Shay about the 2007 refinancing transactions. Id. ¶ 19. Shay was forthcoming and candid, but he did not know at the time that the loan he had made to Turner had been used to fund the 2007 refinancing transactions. Id.

On May 1, 2014, Deputy Derry filed a sworn statement accusing Shay of "unlawfully tak[ing] money and personal property" on or about March 30, 2007, and "unlawfully and knowingly procur[ing] and offer[ing] a false and forged instrument to be filed." Id. ¶ 20. Deputy Derry also stated that Shay had "access to significant amounts of monies feloniously obtained from theft" and that "these amounts of monies could be used to arrange for the posting of bail in this matter." Id. ¶ 21. Shay alleges Deputy Derry had no facts on which to base these sworn statements. Id. ¶ 20.

On May 20, 2014, Deputy Derry arrested Shay. Id. ¶ 22. Gleason was not arrested or prosecuted. Id. ¶ 27. Shay was precluded from posting bail until after the Superior Court hearing on the source of funds, and was incarcerated for 11 days as a result. Id. ¶ 22. Also on May 20, 2014, Deputy Derry and LASD issued a press release reporting that Shay had been arrested and charged with mortgage fraud. Id. ¶ 23. On September 11, 2014, Shay alleges that the Superior Court dismissed the charges for lack of evidence. Id. ¶ 22.

On August 24, 2015, Shay filed a first amended complaint against Deputy Derry, LASD, and the County of Los Angeles ("County") alleging: (1) violations of 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments, (2) violation of Cal. Civ. Code §§ 51.7 and 52.1, and (3) false imprisonment. Dkt. 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

On September 24, 2015, defendants filed the instant motion to dismiss for failure to state a claim. Dkt. 20. On October 5, 2015, Shay opposed the motion, dkt. 21, and defendants filed a reply on October 13, 2015, dkt. 22. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Id. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), reversed on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

**III. DISCUSSION**

    **A. First Claim for Relief: Violation of Section 1983 (Deputy Derry)**

Shay has alleged that Deputy Derry "violat[ed] his rights under the Fourth and Fourteenth Amendments" by: (1) filing a false and misleading arrest warrant; (2) filing an arrest warrant application without probable cause; (3) arresting him without probable cause; (4) defaming him in a press release and other public statements based on false arrest and detention; (5) prolonging his incarceration by lying and concealing material facts concerning the source of funds available for bail; and (6) causing his malicious prosecution. FAC ¶ 36.

        **1. Fourteenth Amendment**

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Shay has sufficiently pled, and defendants do not deny, that Deputy Derry acted under color of law. FAC ¶ 36. Therefore, the only issue as to the First Claim is whether Shay has sufficiently pled that his constitutional right was violated.

Defendants contend that Shay's substantive due process claim fails because it is duplicative of his more specific Fourth Amendment claim and the actions alleged are not "sufficiently outrageous" or "truly irrational" so as to state a claim under the Fourteenth Amendment. Mot. at 4. Shay argues that he has sufficiently alleged a substantive due process claim as to the fifth and sixth prongs of his Section 1983 claim, i.e., "post-arrest incarceration" and "malicious prosecution." Opp. at 11. On reply, defendants only raise an argument as to the "malicious prosecution" allegation. Reply at 2. Each allegation is addressed in turn below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

a. Post-Arrest Incarceration

Post-arrest incarceration is analyzed under the Fourteenth Amendment alone. See Rivera v. County of Los Angeles, 745 F.3d 384, 390 (9th Cir. 2014); Lee v. City of Los Angeles, 250 F.3d 668, 683–85 (9th Cir. 2001) (separately analyzing the initial arrest under the Fourth Amendment and the postarrest incarceration under the Fourteenth Amendment). This forecloses defendants' argument that plaintiff's claims are duplicative.

The Fourteenth Amendment protects against deprivations of liberty accomplished "without due process of law." Baker v. McCollan, 443 U.S. 137, 145, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979). "Liberty is protected from unlawful state deprivation by the due process clause of the Fourteenth Amendment." Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc). "[A] detainee has 'a constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" Lee, 250 F.3d at 683 (denying motion to dismiss plaintiff's substantive due process claim because plaintiff sufficiently alleged that he was incarcerated for one day and the arresting police officers should have known that he was not the fugitive).

Here, Shay has alleged that he was incarcerated for 11 days as a result of Deputy Derry's false statements regarding funds Shay intended to use to post bail. FAC ¶ 21. Shay's allegations are sufficient to state a claim under the Fourteenth Amendment. See Rivera, 745 F.3d at 391 n.4 (holding that "there is no principled distinction between claims of [incarceration based on] mistaken identity and other claims of innocence").

Defendants rely on an Eighth Circuit case for the proposition that for there to be a violation of the Fourteenth Amendment, the Deputy's actions must be "sufficiently outrageous" or "truly irrational" so as to state a claim under the Fourteenth Amendment. See Riley v. St. Louis Cnty. of Mo., 153 F.3d 627, 630-31 (8th Cir. 1998). The Supreme Court has made it clear that only official conduct that "shocks the conscience" is cognizable as a due process violation. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)).

The Ninth Circuit has recently held that in the context of a Section 1983 suit against police officers for a due process violation, official conduct "shocks the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

conscience" when the officer "either consciously or through complete indifference disregards the risk of an unjustified deprivation of liberty." Tatum v. Moody, 768 F.3d 806, 820-21 (9th Cir. 2014) cert. denied, 135 S. Ct. 2312, 191 L. Ed. 2d 978 (2015) (quoting Gantt v. City of Los Angeles, 717 F.3d 702, 707 (9th Cir. 2013)).  Here, Shay has sufficiently alleged that Deputy Derry's actions "shocked the conscience," in that Shay alleges that Deputy Derry had no factual basis to support his sworn statements.

As such, the motion is **DENIED** as to the "post-arrest incarceration" prong of the First Claim for Relief.

### b. Malicious Prosecution

Shay contends that his malicious prosecution was a denial of his right to equal protection under the Fourteenth Amendment.  Opp. at 13.  This argument conflates denial of equal protection with malicious prosecution.  To allege a claim for the denial of equal protection, one must allege (1) discriminatory effect and (2) discriminatory purpose.  See, e.g., Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); Loharsingh v. City & Cnty. of San Francisco, 696 F. Supp. 2d 1080, 1105 (N.D. Cal. 2010).  By contrast, to allege a claim for malicious prosecution under Section 1983, the plaintiff must allege (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause.  Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987) (citing Singleton v. Perry, 45 Cal.2d 489, 494 (1955)).[1]  Not only does Shay fail to allege whether he seeks to recover for malicious prosecution or denial of equal protection, he has failed to raise allegations sufficient to support either claim.

As such, the motion is **GRANTED with leave to amend** as to the "malicious prosecution" prong of the First Claim for Relief.

### 2. Qualified Immunity

---

[1] In this circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy.  Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc); Cline v. Brusett, 661 F.2d 108, 112 (9th Cir. 1981).  However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights."  Bretz, 773 F.2d at 1031; Cline, 661 F.2d at 112.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

Defendants contend that even if Shay has sufficiently pled a Section 1983 Claim for Relief, it should still be dismissed because Deputy Derry is entitled to qualified immunity. Mot. at 6.

Qualified immunity shields a public official from a suit for damages if, under the plaintiff's version of the facts, a reasonable official in the defendant's position could have believed that his or her conduct was lawful in the light of clearly established law and the information the official possessed at the time the conduct occurred. See Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); Schwenk v. Hartford, 204 F.3d 1187, 1195–96 (9th Cir. 2000). The qualified immunity standard "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." See Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

When determining whether a public official is entitled to qualified immunity, the Court typically employs a two-step process. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). If no constitutional right would have been violated if the facts were as alleged, then "there is no necessity for further inquiries concerning qualified immunity." Id. Defendants do not raise the argument that Shay failed to allege a constitutional violation as to the (1) false arrest warrant; (2) arrest warrant application without probable cause; (3) arrest without probable cause; and (4) defamation claims. Therefore the first prong is satisfied as to those claims. As to the post-arrest incarceration claim, Shay has sufficiently alleged that Deputy Derry's conduct violated his constitutional right to be free from prolonged incarceration. The Court has dismissed the malicious prosecution claim, therefore it is unnecessary to decide qualified immunity as to that claim.

Accordingly, the Court proceeds to the next step to determine "whether the right was clearly established." Id. This is "a two-part inquiry: (1) Was the law governing the state official's conduct clearly established? (2) Under that law could a reasonable state official have believed his conduct was lawful?" Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002) (quoting Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.2001)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   **'O'**

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

With respect to the first part of this second step, the Court must identify the "contours of the right" that Shay alleges defendants violated. Id. Shay's remaining Section 1983 allegations all arise from Deputy Derry's false statements made in issuing the warrant that led to Shay's arrest, defamation, and prolonged detainment. FAC ¶ 36. In a civil rights case, "if an officer 'submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements . . . he cannot be said to have acted in an objectively reasonable manner,' and the shield of qualified immunity is lost." Hervey v. Estes, 65 F.3d 784, 788 (9th Cir. 1995). The law on false affidavits has been sufficiently and clearly established to put a reasonable police officer on notice that submitting a false affidavit pursuant to an arrest warrant would be unlawful. Therefore, qualified immunity cannot attach.

Accordingly, defendants' motion to dismiss based on qualified immunity is **DENIED** as to the claims for (1) false arrest warrant; (2) arrest warrant application without probable cause; (3) arrest without probable cause; (4) defamation; and (5) post-arrest incarceration; and **DENIED as moot** as to the malicious prosecution claim.

### B.  Second Claim for Relief: **Violation of Section 1983 (County and LASD)**

#### 1.  LASD is a Proper Defendant in this Action

Defendants argue that LASD is not a proper Defendant. They rely on a concurring opinion in United States v. Kama. 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) (noting that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983").

However, courts in this district and others have analyzed this issue under Streit v. County of Los Angeles to hold that a sheriff's department is a suable entity under Section 1983. 236 F.3d 552, 565 (9th Cir. 2001) (holding that police and sheriff departments in California, specifically the Los Angeles Sheriff's Department, are "separately suable entit[ies]" and can be subject to liability under Section 1983); see, e.g., Butler v. Riverside County, No. EDCV 14-1616-MMM JEM, 2015 WL 1823353, at *4 (C.D. Cal. Apr. 22, 2015) ("Plaintiff may, however, sue both the County and the Sheriff's Department, because the Ninth Circuit has held that under California law a sheriff's department is a separately suable entity."); Fetter v. Placer County Sheriff, 2015 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

Dist. LEXIS 3976, *4 (E.D. Cal. Jan. 12, 2015) (denying motion to dismiss Section 1983 claims against Placer County Sheriff's Office); Hupp v. San Diego County, 2012 U.S. Dist. LEXIS 97664, *8, 2012 WL 2887229 (S.D. Cal. July 12, 2012) ("Under California law, municipal police departments, such as SD Sheriff's Dept., are separate suable entities."); see also Olvera v. County of Sacramento, 932 F. Supp. 2d 1123, 1172 n.17 (E.D. Cal. 2013) (analyzing in dicta Kama and Streit and finding Streit more persuasive); but see Morales v. City of Delano, No. 1:10-CV-1203-AWI-JLT, 2010 WL 2942645, at *3 (E.D. Cal. July 23, 2010) (distinguishing from Streit because Streit concerned LASD liability "in its function of managing jails" but not as to "traditional law enforcement functions").

Given that in Streit, the Ninth Circuit specifically held that the Los Angeles County Sheriff's Department is subject to liability under Section 1983, whereas in Kama, the case concerned whether the Portland Police Bureau can be considered a "person" under Section 844(a) of the Controlled Substances Act, the Court finds Streit to be more persuasive to this particular set of facts and thus follows the rule set forth in Streit. Accordingly, LASD is a proper defendant in this action.

> **2. Plaintiff Fails to Allege a Policy or Custom as to the County and LASD**

In Monell v. New York City Dept. of Social Services, the Supreme Court decided that a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue and that respondeat superior or vicarious liability will not attach under § 1983. 436 U.S. 658, 694–695 (1978). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." Id. at 694.

Thus, to impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." City of Canton v. Harris, 489 U.S. 378, 389–91, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989); Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

Shay fails to allege a policy or custom that amounts to "deliberate indifference." The FAC alleges broadly that the County and LASD "with deliberate indifference . . . instituted policies and allowed constitutional violations as alleged herein." FAC ¶ 33. However, the only policy Shay hints at is that the County and LASD "failed to adequately train and supervise Deputy Derry in his investigation of sophisticated real estate transactions." Id. ¶ 40. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, 489 U.S. at 388. Without a showing of "program-wide inadequacy in training," the claim falls short of deliberate indifference. Alexander v. City & County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994); see also Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) ("[F]ailure to train a single officer is insufficient to establish a municipality's deliberate policy.").

Accordingly, the motion is **GRANTED with leave to amend** as to the Second Claim for Relief.

    **C.**    **Third Claim for Relief**: **Cal. Civ. Code §§ 51.7 and 52.1**

        **1.**    **Section 51.7 (Ralph Act)**[2]

"All persons within the jurisdiction of [California] have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of . . . any characteristic listed or defined" in specified subdivisions of the Unruh Act—including race." Cal. Civ. Code §§ 51(e)(6); 51.7(a). "The test is: would a reasonable person, standing in the shoes of the plaintiff, have been intimidated by the actions of the defendant and have perceived a threat of violence?" Winarto v. Toshiba Am. Electronics Components, Inc., 274 F.3d 1276, 1289-90 (9th Cir. 2001) (internal quotations omitted).

While Shay has alleged generally that defendants violated his constitutional rights "with violence, threats, intimidation, or coercion," Shay has only alleged that Deputy Derry harbored "racial prejudice," which allegedly resulted in his arresting Shay and not

---

    [2] Defendants incorrectly identify Section 51.7 as part of the Unruh Act. Section 51.7 is not part of the Unruh Act. Stamps v. Superior Court, 136 Cal. App. 4th 1441, 1445, 1449–1450, 1451 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

Gleason. FAC ¶ 42. Shay has not alleged that he was intimidated by Deputy Derry's actions or that he perceived a threat of violence from Deputy Derry.

Accordingly, the motion is **GRANTED with leave to amend** as to the Ralph Act Claim.

### 2. Section 52.1 (Bane Act)

California Civil Code section 52.1 provides that if a person interferes, or attempts to interfere "by threats, intimidation, or coercion, with the exercise or enjoyment . . . of the rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state" any individual so interfered with can sue for damages. Cal. Civ. Code § 52.1(a)-(b). In order to allege a claim under Section 52.1, a plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion. Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015). There is no requirement of violence or threat of violence. Moreno v. Town of Los Gatos, 267 F. App'x 665, 666 (9th Cir. 2008).

Shay contends that based on Deputy Derry's "racial animus" towards Shay, Deputy Derry violated his "rights under the federal and state constitutions to be free from unlawful seizure made without probable cause, and right to bodily integrity as guaranteed by California Civil Code § 43." FAC ¶ 42. In Venegas v. County of Los Angeles, the California Supreme Court held that a plaintiff had stated a Section 52.1 claim despite the fact that there was no allegation of violence beyond the unreasonable arrest and search. 32 Cal.4th 820, 841 (2004). Shay has sufficiently alleged unlawful seizure without probable cause and has, therefore, sufficiently stated a Section 52.1 claim.

Accordingly, the motion is **DENIED** as to the Bane Act Claim.

### D. Fourth Claim for Relief: False Imprisonment

Defendants finally contend that Shay does not sufficiently allege a claim for relief for false imprisonment because Deputy Derry had probable cause to arrest plaintiff.

In California, the elements of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief. Blaxland v. Commonwealth Dir. of Pub.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04607-CAS-RAO | Date | October 26, 2015 |
| Title | ALLEN BERNARD SHAY V. COUNTY OF LOS ANGELES, ET AL. | | |

Prosecutions, 323 F.3d 1198, 1205 (9th Cir. 2003). Shay has alleged each of these elements in the FAC. FAC ¶¶ 46-47.

Accordingly, the motion is **DENIED** as to the Fourth Claim for Relief.

IV. CONCLUSION

As to the First Claim, the Court **DENIES** the motion as to the (1) false arrest warrant; (2) arrest warrant application without probable cause; (3) arrest without probable cause; and (4) defamation claims; **DENIES** as to the post-arrest incarceration claim; and **GRANTS with leave to amend** as to the malicious prosecution claim. The Court **GRANTS with leave to amend** as to the Second Claim for Relief. As to the Third Claim, the Court **GRANTS with leave to amend** as to the Ralph Act claim and **DENIES** as to the Bane Act claim. The Court **DENIES** the motion as to the Fourth Claim. Plaintiff shall has until Monday, November 6, 2015 to file a second amended complaint if he wishes to address the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CL | |