John Burton, State Bar Number 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California  91103
Tel. (626) 449-8300/Fax (626) 449-8197

Attorneys for Plaintiff Allen Bernard Shay

# UNITED STATES DISTRICT COURT
# DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BERNARD SHAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, DEPUTY CHRISTOPHER DERRY, and Does 1-10,<br><br>　　　　Defendants. | Case No. 15-CV-04607-CAS (RAOx)<br><br>**PLAINTIFF'S DECLARATION OF JOHN BURTON IN OPPOSITION TO DEFENDANTS' EX PARTE REQUEST FOR CONTINUANCES OF THE PRETRIAL AND TRIAL DATES** |

　　　　John Burton declares under penalty of perjury pursuant to the laws of the United States as follows:

　　　　1.　　I am an attorney admitted in California, every federal district in California, the Eastern District of Michigan, the Fourth, Sixth, Eighth and Ninth Circuit Courts of Appeals, and the United States Supreme Court. I am counsel of record for Plaintiff Allen B. Shay. I am filing this declaration in opposition to Defendants' second ex parte application to continue the trial, this time seeking a six-month delay so that an associate attorney recently assigned to the case can attend a summer convention in Canada.

1  2.   Plaintiff filed his complaint on June 17, 2015, and, anxious to get the case to a jury, served it immediately. After the Court resolved Defendants' motion to dismiss, the parties filed a joint scheduling report requesting a trial date of March 7, 2017.  Docket No. 28 at 9. The lead attorney for Defendants listed in the status conference report is Rickey Ivie, Esq., a partner in Ivie, McNeill & Wyatt, and the lawyer whom I presume will actually be trying the case to the jury. The associate assigned to the case was Davida M. Frieman, Esq. At the April 25, 2016 status conference, attended by Ms. Freiman and me, the Court set trial for exactly one year hence, April 25, 2017. Docket No.  29.

3.   On September 12, 2017, Defendants filed an unopposed ex parte application seeking a three-month stay of the litigation and a concomitant continuance of all dates on the grounds that a close family member of Ms. Frieman suddenly was diagnosed with terminal cancer. Docket No. 35. To clarify Plaintiff's position on the request, I filed a declaration stating: "Plaintiff's preference is that the case proceed to trial at the earliest possible date under the circumstances, but he believes this matter is best resolved by the Court without his input." Docket No. 36. The Court stayed the action three months and continued trial to the date Defendants requested, July 25, 2017.

4.   The Court held a post-mediation status conference on April 10, 2017. Ms. Frieman and I appeared. The Court may recall that I asked whether the July 25 trial date was firm as I had a newer case also set for that date.  The Court checked the calendar and said that with the exception of a possible short criminal matter behind which we might trail, the trial date is firm. When Ms. Frieman raised a possible conflict involving Mr. Ivie starting another trial on August 2, 2017, the Court reiterated that this case would go to trial as scheduled.  I subsequently submitted a stipulation to continue the other matter I had set for July 25 to September 19, 2017.

5.   On April 28,  Ms. Frieman filed a motion for summary judgment, noticing the hearing for June 5.  I am presently engaged in the preparation of the opposition papers, which are due in five days. On May 1, she withdrew as counsel in this case.

- 2 -

6. Today I received Defendants' ex parte application seeking an order continuing the pretrial conference from July 10, 2017, to January 15, 2018, and the trial from July 25, 2017, to January 22, 2018. The only evidentiary showing to support this request for a six-month continuance is a declaration by a five-year associate, Antonio K. Kizzie, Esq., the defense firm assigned to replace Ms. Frieman.

7. First, Mr. Kizzie contends that the file is too vast for him prepare for trial timely, that he needs at least four more months just to review the record, which consists of a criminal case that did not survive a preliminary hearing, four deposition transcripts, including experts, and Plaintiff's responses to Defendants' written discovery requests:

> I am currently in the process of reviewing the files, discovery materials, and other pertinent documents consisting of over a dozen (12) large binders filled with over one-hundred and eighty (180) various classes of real estate and criminal trial documents for trial preparation and strategy purposes. However, I will require additional time of at least 120 days to do so due to the extensive and complicated nature of this matter involving real estate fraud dating back to 2005 and 2007 that can only be obtained through this order.

Ex Parte Application and Declaration (Docket No. 53) at 11, para. 7.

8. Second, Mr. Kizzie claims that he cannot attend the pretrial conference or the trial on the dates set because of the following conflicts with his personal matters:

> I am scheduled and have already purchased nonrefundable tickets to be out of the state and country from June 28, 2017 to July 16, 2017. I am also scheduled to attend the National Bar Association's Annual Conference in Toronto, Ontario from Friday, July 28, 2017 to Sunday, August 6, 2017. Finally, from August 9, 2017 to August 13, 2017, I will be celebrating my wedding anniversary and unavailable.

*Id.* at 10-11, para. 6.

9. The only actual conflict with the trial date is Mr. Kizzie's wish to attend a 10-day meeting of lawyers scheduled to begin just as this trial should be concluding. That alone should not constitute good cause to delay this two-year-old litigation an additional six months. I respectfully suggest that the Court consider resolving the conflict between Mr. Kizzie's earlier pre-paid vacation and the pretrial conference date, if convenient for the Court's calendar, by continuing that date from July 10 to July 17, after he is scheduled to be back in town.

10. Other than continuing the pretrial conference one week, Plaintiff and I strongly object to the requested relief, and urge that the Court deny the application.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 10, 2017, at Pasadena, California.

                                           /s/John Burton
                                             John Burton