**RICKEY IVIE (S.B.N.: 76864)**
*rivie@imwlaw.com*
**ANTONIO K. KIZZIE (S.B.N.: 279719)**
*akizzie@imwlaw.com*
**IVIE, McNEILL & WYATT**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028/(213) 489-0552 FAX

**Public Entity**
**Exempt from Filing Fee**

Attorneys for Defendants, **COUNTY OF LOS ANGELES, et al.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BERNARD SHAY,<br><br>            *Plaintiff*,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY CHRISTOPHER DERRY, and DOES 1 through 10,<br>            *Defendants* | Case No.: CV15-4607 CAS (RAOx)<br><br>[Hon. Christina A. Snyder, presiding Courtroom 8D]<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION  FOR AN ORDER AMENDING THE SCHEDULING ORDER TO CONTINUE THE PRE-TRIAL CONFERENCE AND TRIAL DATES**<br><br>Complaint Filed: June 23, 2015 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

        **PLEASE TAKE NOTICE** that Defendant COUNTY OF LOS ANGELES, and DEPUTY CHRISTOPHER DERRY (collectively "Defendants"), hereby reply

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
EX PARTE APPLICATION  FOR AN ORDER AMENDING THE SCHEDULING
ORDER TO CONTINUE THE PRE-TRIAL CONFERENCE AND TRIAL DATES**

to Plaintiff Allan Shay's ("Plaintiff") Opposition to Defendants' ex parte application ("application") for an Order for the following relief:

      1) For an order continuing the pretrial conference from July 10, 2017 to January 15, 2018;

      2) For an order continuing the trial from July 25, 2017 to January 22, 2018 or a later date as convenient for the Court.

      This reply is based on the instant application, the attached Memorandum of Points and Authorities, the Declaration of Antonio K. Kizzie, exhibits and upon such further evidence, authority and argument as allowed by this Court.

DATED:     May 11, 2017     **IVIE, McNEILL & WYATT**

                        By:  */s/ Antonio K. Kizzie*
                               **ANTONIO K. KIZZIE**, **ESQ.**
                               Attorneys for Defendants
                               **COUNTY OF LOS ANGELES, et al.**

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER AMENDING THE SCHEDULING ORDER TO CONTINUE THE PRE-TRIAL CONFERENCE AND TRIAL DATES**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION/ARGUMENT

The instant case involves allegations that Plaintiff Allen Shay ("Plaintiff") was wrongfully arrested following an investigation for real estate fraud that took place in or around 2007. This complex hybrid civil rights and real estate fraud case involves analysis of several depositions, rounds of discovery materials, reports, and over one-hundred and eighty (180) various classes of real estate and criminal trial documents held in over a dozen (12) large binders. This case merely pertains to the legitimacy of an arrest. Plaintiff is not dead, dying, elderly or sick so as to require some extraordinarily swift resolution of Plaintiff's lawsuit that Plaintiff filed.

Despite Defendants' counsel setting forth the clear and inherent prejudice faced by Defendants under the current calendar by having knew and unfamiliar counsel due to Ms. Frieman's recent departure, Defendants' counsel's pre-paid out of the state and/or country travel, and Defendants' counsel already scheduled federal and state trials for the rest of the year, Plaintiff sets forth no pressing need or prejudice precluding a brief continuance of this trial except "Plaintiff's preference that the case proceed to trial at the earliest possible date…"

Here, Plaintiff's opposition does not dispute that Ms. Davida Friedman was Defendants' former lead counsel in this matter and left her firm representing Defendants on or around April 28, 2017. Plaintiff does not dispute with any evidence that defendants' new lead counsel will be Mr. Antonio K. Kizzie, Esq. ("Mr. Kizzie"), that Mr. Kizzie was not involved in the litigation of this case in any manner, nor any of the professional and personal conflicts Mr. Kizzie set forth having inherited Ms. Frieman's case.

Thus, on May 10, 2017, Defendant COUNTY OF LOS ANGELES, and

3

DEPUTY CHRISTOPHER DERRY (collectively "Defendants") filed the instant *ex parte* application requesting the following relief:

(1) An Order continuing the final pretrial conference and applicable pretrial document dates from July 10, 2017 to January 15, 2018 or a later date as convenient for the Court; and

(2) An Order continuing the trial from July 25, 2017 to January 22, 2018 or a later date as convenient for the Court.

Plaintiff sets forth no actual prejudice that Plaintiff would suffer if the Defendants' application was granted. Plaintiff clearly self-servingly wishes to prejudice Defendants, capitalize and take advantage of the fact that Defendants have new counsel not nearly as familiar with the details and nuances of this complicated case. Indeed, Plaintiff's counsel appears to implicitly and callously argue that Ms. Frieman's prior request for a brief continuance of the trial to help her terminally ill grandfather was a mere favor.

Based on the current calendar, it is undisputed that Defendants' lead counsel would not even be in the states at the time of the pretrial conference and possibly even the trial. Each of the trial date conflicts set forth in Defendants' application can be verified. Neither Defendants nor Defendants' counsel had any control over when or if Ms. Frieman would depart the firm, and Defendants' new counsel has now inherited her caseload in addition to Defendants' counsel's own trial calendar. Thus, it is not unreasonable that some accommodation be made to facilitate this reality. While Plaintiff may prefer to a swift resolution of this matter, such is not the nature of litigation nor the only consideration at hand.

This application is not made for any unnecessary delay, prejudice or advantage to any side. Plaintiff also presents no evidence of such. However, it is clear that Plaintiff will be greatly advantaged and Defendants unfairly prejudiced

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION  FOR AN ORDER AMENDING THE SCHEDULING ORDER TO CONTINUE THE PRE-TRIAL CONFERENCE AND TRIAL DATES**

and disadvantaged if the calendar remains as presently set under these circumstances.

Plaintiff does not dispute that both parties have been diligent and all discovery and expert discovery has been completed. Defendants apologize for any inconvenience granting this relief may cause the Court, however, due to the circumstances, an order continuing the trial and other related dates is necessary and hereby respectfully requested.

## II.    **CONCLUSION**

For the foregoing reasons, Defendants request that this Court grants their *ex parte* application and continue the aforementioned dates as requested herein or later dates as convenient for the Court.

DATED:     May 11, 2017          **IVIE, McNEILL & WYATT**

By: */s/ Antonio K. Kizzie*_____
**ANTONIO K. KIZZIE**, **ESQ.**
Attorneys for Defendants
**COUNTY OF LOS ANGELES, et al.**

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION  FOR AN ORDER AMENDING THE SCHEDULING ORDER TO CONTINUE THE PRE-TRIAL CONFERENCE AND TRIAL DATES**