| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **"O"** |
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| K. Dickerson | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John Burton | Antonio Kizzie |
| Matt Sahak | Jack Altura |

**Proceedings:** DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT (ECF No. 84, filed on August 19, 2019)

## I. INTRODUCTION

This case arises out of the detention of plaintiff Allen B. Shay ("Shay") by defendant Detective Christopher Derry ("Detective Derry") of defendant Los Angeles County and the Los Angeles County Sheriff's Department (collectively "the County") between May 20, 2014 and May 31, 2014.

Shay filed a complaint to initiate this action on June 17, 2015. ECF No. 1 ("Compl."). Defendants filed a motion to dismiss the complaint on September 14, 2015, ECF No. 20, which the Court granted in part and denied in part on October 26, 2015, ECF No. 23. Shay filed his second amended complaint, the operative pleading, on November 4, 2015. ECF No. 24 ("SAC"). The SAC alleges four claims for relief: (1) a claim pursuant to 42 U.S.C. § 1983 against Detective Derry for violation of Shay's Fourth and Fourteenth Amendment rights; (2) a claim pursuant to 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978) against the County for violation of those same rights; (3) a state law claim for violation of Shay's rights pursuant to California's Bane Civil Rights Act, codified at California Civil Code § 52.1; and (4) a state law claim for false imprisonment.

On June 5, 2017, the Court granted summary judgment to defendants on all four claims. See ECF No. 66 ("MSJ Order"). Shay appealed. See ECF No. 67. On March 6, 2019, the Ninth Circuit affirmed in part, reversed in part, and remanded for further proceedings. See Shay v. County of Los Angeles, 762 F. App'x 416, 419 (9th Cir. 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

Specifically, the court affirmed judgment for defendants on Shay's Fourth Amendment, Bane Act, and false imprisonment claims, but held that "genuine disputes over material facts preclude summary judgment on Shay's Eighth and Fourteenth Amendment claims" against Detective Derry, as well as "Shay's associated municipal liability claim" against the County for the same violations. Id. at 418-19 (holding that "summary judgment is inappropriate" for the latter claim).[1]

Notwithstanding the Ninth Circuit's holding and mandate, defendants filed the present second motion for summary judgment on Shay's remaining claims on August 19, 2019. See ECF No. 84 ("Motion" or "Mot."). Defendants simultaneously filed a separate statement of uncontroverted facts. ECF No. 84-1 ("SUF"). On September 2, 2019, Shay filed an opposition, ECF No. 90 ("Opposition" or "Opp."), as well as a statement of genuine issues of disputed facts and additional material facts in dispute, ECF No. 86 ("SGD"). On September 10, 2019, defendants filed their amended reply, ECF No. 93 ("Reply"), along with objections to certain additional facts submitted in Shay's SGD, ECF No. 92-5. Defendants did not otherwise file a response to the SGD.

The matter came before the Court for a hearing on September 23, 2019. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. FACTUAL AND PROCEDURAL BACKROUND

The following facts are not materially disputed and are set forth for purposes of background. Unless otherwise noted, the Court references only facts that are uncontroverted and as to which evidentiary objections have been overruled. Moreover,

---

[1] The Ninth Circuit refers to Shay's claim "concerning the allegedly false declaration Derry submitted in support of a '1275 hold motion' which led to Shay being incarcerated without access to bail" as a claim for relief pursuant to the Fourteenth and Eighth Amendments. See Shay, 762 F. App'x at 418. But because the Ninth Circuit has held that "postarrest incarceration" claims, like this one, are "analyzed under the Fourteenth Amendment alone," Tatum v. Moody, 768 F.3d 806, 815 (9th Cir. 2014) (cited as the governing law applicable to this case in Shay, 762 F. App'x at 419), the Court will refer to this claim as Shay's "postarrest incarceration" or "Fourteenth Amendment" claim. See also Decl. of Matt Sahak, ECF No. 89 ("Sahak Decl."), Ex. D at 10-11 (hearing transcript wherein Shay's counsel states that Shay "allege[s] this theory . . . as a 14th Amendment theory").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

because the facts and procedural history of this action are known to the parties and summarized in this Court's first MSJ Order, they are only briefly reviewed here.

### A. Shay's Arrest, Detention, and Release

The County filed a criminal complaint against Shay in Los Angeles County Superior Court on May 1, 2014. SGD ¶ 1. The criminal complaint charged Shay with two counts of grand theft in violation of California Penal Code § 487(a), and two counts of procuring and offering a false or forged instrument in violation of California Penal Code § 115(a). The charges arose from Shay's alleged involvement in several real estate transactions that took place between 2005 and 2007.

That same day, Detective Derry executed an arrest warrant for Shay, and signed a declaration in support of a California Penal Code § 1275.1 motion for a "bail hold." SGD ¶¶ 2, 5. Pursuant to California law, a § 1275.1 motion allows the government to continue to detain an arrestee, notwithstanding any bail funds proffered on his or her behalf, until a bail hearing can be held to determine whether any of the bail funds were feloniously obtained. In the declaration in support of the § 1275.1 motion that Detective Derry and the County executed against Shay, Detective Derry stated that Shay "had access to significant amounts of monies feloniously obtained from theft," and that those "monies could be used to arrange for the posting of bail in this matter." SGD ¶ 5. The parties dispute the basis for Detective Derry's bail hearing request. At his deposition, Detective Derry stated that it was the County's "standard practice to request a bail hearing in felony theft cases," as a rule, "countywide." SGD ¶ 6. In the same deposition, Detective Derry also claims he "signed the declaration because . . . Mr. Shay received $50,000 that was," he alleges, "feloniously obtained." Id.

Based on the facts stated in Detective Derry's declaration, the Los Angeles County Superior Court granted the §1275.1 bail hold motion on the date it was submitted, and ordered that the court hold a bail hearing to determine the source of any bail funds before they were accepted. SGD ¶ 9. Shay was arrested on May 20, 2014. SGD ¶ 10. On May 30, 2014, Shay appeared in Los Angeles County Superior Court for a bail hearing. SGD ¶¶ 21-22. At the hearing, the court lifted the bail hold and agreed to prepare an order permitting one of Shay's friends to post bond on his behalf. SGD ¶¶ 23, 27-28. Shay was released from custody at some point between May 30 and May 31, 2014, but the parties dispute exactly when. SGD ¶ 28.

| | | | | |
|---|---|---|---|---|
| | UNITED STATES DISTRICT COURT | | | |
| | CENTRAL DISTRICT OF CALIFORNIA | | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | | "O" |
|---|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | | |

At the preliminary hearing held on September 11, 2014, the Los Angeles County Superior Court found that the County's evidence against Shay did not support the charges against him, and declined to make Shay answer to them. MSJ Order at 7 (citing Darling Decl. ¶ 9, Ex. O at 2:13-6:28). Shay was never convicted of any of the crimes charged against him.

### B.  Shay's Postarrest Incarceration Claims, and the Ninth Circuit's Decision

Shay claims pursuant to 42 U.S.C. § 1983 that Detective Derry violated his Fourteenth Amendment rights by filing an allegedly false declaration that caused Shay to be incarcerated for a prolonged period without bail. SAC ¶¶ 36-41. Shay also claims that the County is liable for this violation, pursuant to Monell, because Detective Derry submitted the allegedly false declaration in accordance with a countywide policy. SAC ¶¶ 42-50.

After this Court granted summary judgment to defendants on these claims, the Ninth Circuit reversed and held that "genuine disputes over material facts preclude summary judgment on Shay's [postarrest incarceration] claims concerning the allegedly false declaration Derry submitted in support of the [§] 1275 hold motion which led to Shay being incarcerated without access to bail." Shay, 762 F. App'x at 418. The panel explained:

> In order to hold Shay without bail, Derry submitted a declaration with the 1275 motion providing: "after a review of the facts in this matter, I believe that the defendant has had access to significant amounts of monies feloniously obtained from theft." However, Derry was aware that any allegedly feloniously obtained funds received by Shay were relatively small (around $50,000)[2] and obtained seven years previously. Derry performed no additional investigation into the likelihood that Shay possessed such funds at the present time. Instead, Derry testified that he signed the declaration because it was a countywide "standard practice to request a bail hearing in felony theft cases," regardless of the circumstances. Derry was required under California law to set forth probable cause that the bail money was feloniously obtained. Cal. Penal Code § 1275.1(b)(1). We conclude that under these

---

[2] Shay's counsel contested the accuracy of this figure at oral argument, contending that the Ninth Circuit erred and should have referred to an amount "around $20,000" instead. The Court notes the disagreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **"O"** |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

circumstances, a reasonable jury could find that Derry failed to follow this law and submitted the declaration and deprived Shay of bail with deliberate indifference to or reckless disregard for Shay's rights.

Id. at 418–19 (internal marks and brackets omitted).

The Ninth Circuit also reversed with respect to Shay's Monell claim against the County. The panel held "that summary judgment is inappropriate" on this claim because of the "factual issues regarding the perquisite constitutional violation" and because "Derry's testimony about the countywide practice generates a genuine dispute of material fact concerning the existence of a long-standing municipal practice that drove the alleged constitutional violations." Id. at 419.

After remand, this Court raised the preclusive effect of the Ninth Circuit's decision at the post-appeal status conference. See Sahak Decl., Ex. D at 7-8. Defendants filed the present motion for summary judgment on the two remaining constitutional claims on August 19, 2019.

## III. LEGAL STANDARD

Summary judgment is only appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

Defendants move for summary judgment on Shay's § 1983 postarrest incarceration claim against Detective Derry, as well as his associated Monell claim against the County. See Mot at 5-15. For the reasons discussed below, the Court **DENIES** defendants' motion.

### A. Law Of The Case Precludes Summary Judgment on Shay's Postarrest Incarceration Claims Against Detective Derry And The County

Defendants contend that "Shay cannot raise a triable issue of fact on his remaining constitutional claims," such that defendants "are entitled to judgment as a matter of law." Mot. at 2. The Court disagrees.

As Shay argues in his opposition, defendants' arguments are foreclosed by the law of the case doctrine. See Opp. at 3-4. "The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." Herington v. Cty. of Sonoma, 12 F.3d 901, 904 (9th Cir. 2003). Pursuant to the doctrine, "a court is generally precluded from reconsidering an issue previously decided by . . . a higher court in the identical case." Id. "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." Id. "An appellate holding that there remains a disputed issue of fact will preclude a later finding on remand that there is no dispute for summary judgment purposes." Carson Harbor Vill., Ltd. v. Unocal Corp., No. 96-CV-3281-MMM (RCx), 2003 WL 22038700, at *2 (C.D. Cal. Aug. 8, 2003); see also Willis v. City of Fresno, No. 09-CV-01766-BAM, 2013 WL 5179515, at *3 (E.D. Cal. Sept. 13, 2013) (concluding that "law of the case precludes judgment as a matter of law on remand from an appellate court's reversal of summary judgment if the appellate opinion specifically finds there are disputed issues of material fact that should be resolved by the jury") (internal marks omitted) (citing Lam v. University of Hawaii, 164 F.3d 1186, 1187–1189 (9th Cir. 1998)). "Absent the law of the case doctrine, . . . parties could freely relitigate issues that had previously

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

been decided or . . . raise a new argument that could have been, but was not, made earlier." Alvarado v. Bratton, No. CV 06-7812 PA (RCx), 2009 WL 10712929, at *2 (C.D. Cal. Feb. 23, 2009).

Here, the Ninth Circuit explicitly concluded that "genuine disputes of material facts preclude summary judgment on Shay's [postarrest incarceration] claims concerning the allegedly false declaration Derry submitted" because "a reasonable jury could find that Derry failed to follow [§ 1275.1] and submitted the declaration and deprived Shay of bail with deliberate indifference to or reckless disregard for Shay's rights," and that, in addition, "summary judgment is inappropriate regarding Shay's associated municipal liability claim" since "Derry's testimony generates a genuine dispute of material fact concerning the existence of a long-standing municipal practice that drove the alleged constitutional violations." Shay, 762 F. App'x at 418-419.[3]

Applying the law of the case doctrine, the Court concludes that it cannot grant summary judgment to defendants on Shay's postarrest incarceration claims against Detective Derry and the County because the Ninth Circuit, as indicated above, has specifically held that factual disputes preclude granting such relief.[4] See, e.g., Vucinich v.

---

[3] As the Court discussed at oral argument, that the Ninth Circuit remanded "for further proceedings" rather than "for trial" is not a basis to infer that its order meant to invite the summary judgment motion that defendants have filed. The Ninth Circuit typically only remands "for trial" when an appeal is taken from trial. The appeal in this case was taken from a motion granting summary judgment, and so the panel remanded "for further proceedings." This is unremarkable, and nothing about the Ninth Circuit's remand instruction exempts the instant motion from application of the doctrine of the law of the case.

[4] Defendants' argument that the Ninth Circuit did not decide whether Detective Derry *caused* the constitutional violations in question, raised in their papers and at oral argument, is of no moment. See Mot. at 12-15; Reply at 6. The Ninth Circuit clearly reached the causation issue in its *de novo* review, even if the question was not squarely briefed, holding that there are "genuine disputes over material facts . . . concerning the allegedly false declaration Derry submitted in support of a '1275 hold motion' which *led to* Shay being incarcerated without access to bail." Shay, 762 F. App'x at 418 (emphasis added). The Ninth Circuit went on to "conclude that under these circumstances, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

Paine, Webber, Jackson & Curtis, Inc., 803 F.2d 454, 459 (9th Cir. 1986) ("Vucinich II") (holding that where the Ninth Circuit had previously "found in Vucinich I that there were disputed issues of material fact" that defeated summary judgment, "law of the case determined that this [disputed] evidence should go to the jury," and district court committed error on remand by granting defendant judgment as a matter of law on same facts); Lam, 164 F.3d at 1187–1189 (holding that the district court committed error by granting judgment as a matter of law following remand from the Ninth Circuit's decision finding issues of fact); see also Carson Harbor, 2003 WL 22038700 at *2; Willis, 2013 WL 5179515, at *3.

### B. The "Substantially Different Evidence" Exception Does Not Apply

Defendants argue that, notwithstanding the foregoing, the Court should reopen the Ninth Circuit's holding because the instant motion "adduces substantially different evidence than what was presented in the first motion for summary judgment." Reply at 7. It is true that law of the case does not necessarily apply where a party submits "substantially different evidence" in a subsequent proceeding. See Mortimer v. Baca, 594 F.3d 714, 721 (9th Cir. 2010) (holding that district court was permitted to consider defendant's second motion for summary judgment inter alia because defendant's motion presented considerable new documentary and testimonial evidence).

For example, in Mortimer, another § 1983 postarrest incarceration action against the Los Angeles County Sheriff's Department, the Department filed a second motion for summary judgment in 2007 after remand from a Ninth Circuit decision reversing the district court's first order in 2004. Id. at 716. On appeal, the Ninth Circuit affirmed the district court's order granting the second motion over plaintiff's objection that law of the case required the case to go to trial. Id. at 721. The second motion, the court found, submitted considerable new evidence involving programs and practices that the Sheriff's Department had implemented during the period preceding the alleged constitutional violations to better manage the detention and release of inmates. Id. at 718 (explaining that the defendants "presented evidence that the LASD had instituted several measures to reduce the number of over-detentions," including an "In-Court Release" program, a "Greenband" program, an "Over-Detention and Erroneous Release" program, and an

---

reasonable jury could find that Derry failed to follow this law and submitted the declaration *and deprived* Shay of bail[.]" Id. at 419 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

"Automated Justice Information System" database). The court further noted that plaintiffs also "offered several items in opposition" not present in the litigation of the initial motion, including testimony from new witnesses, and new supervisor reports. Id. at 719.

The facts here are not comparable. The only supposedly new pieces of evidence defendants claim to have adduced are (1) citations to "pretrial procedural protections" that Shay was afforded by California law, and (2) "additional portions" of Detective Derry's deposition transcript, which were available, but not submitted, with defendants' first summary judgment motion.[5] See Reply at 7. Neither is "substantially different evidence" that warrants reopening the Ninth Circuit's holdings.

First, the citations to the California Penal Code's pretrial procedural protections are not evidence. See, e.g., Landau v. Voss, No. 1:07-CV-00815-AWI, 2010 WL 2791754, at *3 (E.D. Cal. July 14, 2010) ("[C]itation to . . . statutes is not evidence; it is argument."); Alleva v. New York City Dep't of Investigation, 696 F. Supp. 2d 273, 278 (E.D.N.Y. 2010), aff'd, 413 F. App'x 361 (2d Cir. 2011) (observing the principle that a "legal argument is not evidence"); cf. Nash v. Hepp, No. 08-CV-0202-JS, 2010 WL 1221739, at *1 (E.D. Wis. Mar. 22, 2010), aff'd, 740 F.3d 1075 (7th Cir. 2014) (denying motion for reconsideration pursuant to Rule 60 because legal authority that petitioner "later discovered . . . does not constitute newly-discovered evidence" that warrants reconsideration because a "legal citation is not evidence"). The Ninth Circuit had access to each of the cited statutory provisions when it reviewed the Court's prior MSJ order de novo. See Shay, 762 Fed. App'x at 417 (citing San Luis & Delta-Mendota Water Auth. v. Jewell, 747 F.3d 581, 601 (9th Cir. 2014)). Raising them now does not justify an exception to the law of the case doctrine based on substantially different evidence.

---

[5] Defendants do not specifically identify either the parts of their motion that rely on the procedural protections, nor the relevant portions of the newly attached deposition material. From the Court's own review of the evidence submitted by the parties, it appears that the procedural protections at issue are provisions of the California Penal Code discussed on page seven of defendants' motion. See Mot. at 7. With respect to the deposition testimony, it appears that defendants have attached pages 146-151 from the deposition of Detective Derry, which were not previously submitted in connection with the first summary judgment motion. See Defs.' Compendium of Evidence at 28-33 ("Defs.' Evid."), ECF No. 84-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

Second, unlike in Mortimer, where the additional evidence presented new facts regarding the County's policies not previously before the court, the deposition transcript excerpts here—which defendants contend demonstrate that Detective Derry "executed the bail hold declaration because of his personal belief" as opposed to County policy, see Reply at 7—are not substantially or materially different from the evidence that was in the record when the Court considered defendants' first motion for summary judgment.[6] Specifically, Detective Derry's explanation at page 145:7-25 of his deposition that he submitted the bail hold declaration in part because he "believed that" Shay had access to "$51,829 [that] was feloniously obtained as the proceeds of [an allegedly] illicit loan" was submitted and considered with the first summary judgment motion, and presented to the Ninth Circuit on appeal. See Decl. of John Burton, Ex. S at 145, ECF No. 62 (first motion); see also Defs.' Evid., Ex. E at 145 (also cited in support of the present motion). The subsequent five pages of deposition testimony from Detective Derry submitted with this motion adds nothing of substance to the facts set forth in that original colloquy, which the Ninth Circuit found sufficient to raise triable issues in combination with other portions of his testimony. Cf. Defs.' Evid., Ex. E at 146-151. This was not the case in Mortimer, where the evidence of the County's various programmatic interventions during the relevant period had not previously been raised. Law of the case should not be disturbed in this setting. See Los Angeles Police Protective League v. City of Los Angeles, No. 08-CV-0784 GAF (RCx), 2010 WL 11622793, at *7 (C.D. Cal. Feb. 3, 2010) (concluding that testimony "does not constitute substantially new evidence" that warrants exception to law of the case when "similar evidence . . . was previously before the Court") (internal quotation marks omitted).

---

[6] Defendants neither identify the relevant passages from the proffered material that the Court has located (see also supra n.5), nor explain why the evidence in those unidentified passages is substantially different from the previous record—they just conclusively assert that it is. See Reply at 7-8. The Court may decline to find an exception to the law of the case doctrine on that basis alone. See Syufy Enterprises v. Am. Multi-Cinema, Inc., 694 F. Supp. 725, 728 (N.D. Cal. 1988) (applying law of the case over an objection that substantially different evidence precluded its application where the party invoking the exception only offered "conclusory, and unsubstantiated references to new evidence," and did "not show how this exception would apply in this case").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

At bottom, the additional materials cited do not contain new evidence, as the evidence of the programs and practices did in Mortimer, but an attempt to relitigate an argument that the Ninth Circuit already rejected. That is not a basis to find an exception to the rule that the Ninth Circuit's decision in Shay is binding law of the case. See Campbell v. United States, 878 F.2d 385 (9th Cir. 1989) (holding that there was no "substantially different evidence" that warranted application of exception to law of the case doctrine where the government's purportedly new evidence advanced an argument that was "equally available to the government at the time of our prior appeal").

For the foregoing reasons, the Court concludes that the law of the case precludes summary judgment on Shay's postarrest incarceration claims against Detective Derry and the County.

### C. Genuine Disputes of Material Facts Prevent The Court From Determining Whether Detective Derry Is Entitled to Qualified Immunity

Detective Derry also moves for summary judgment on grounds that he is entitled to qualified immunity. See Mot. at 16-18.

"Qualified immunity protects officers from liability for civil damages where their alleged unconstitutional conduct does not violate a clearly established right." Ford v. City of Yakima, 706 F.3d 1188, 1192 (9th Cir. 2013). Generally, courts follow a two-step inquiry in determining whether a government official is entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001). "First, a court must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right." Pearson v. Callahan, 555 U.S. 223, 232 (2009). Second, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id. Pursuant to the Supreme Court's two-step inquiry, "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id. at 201. A "case directly on point" is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

Applying this two-step analysis, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

### 1. Law Of The Case Precludes Summary Judgment On The Existence Of A Constitutional Violation

As discussed in § IV.A, supra, it is law of the case that genuine disputes of material fact preclude summary judgment on Shay's postarrest incarceration claim against Detective Derry. See Shay, 762 F. App'x at 419 (holding that "a reasonable jury could find that Derry failed to follow th[e] law and submitted the declaration and deprived Shay of bail with deliberate indifference to or reckless disregard for Shay's rights"). After these factual disputes are resolved, it may be determined that Detective Derry's conduct was lawful, or it might not be. But, pursuant to the Ninth Circuit's holding, the Court cannot make that determination now. See Wilkins v. City of Oakland, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, summary judgment is not appropriate."); see also Chien Van Bui v. City & Cnty. of San Francisco, 61 F. Supp. 3d 877, 898-99 (N.D. Cal. 2014) ("This is not to say that the officers may not be entitled to qualified immunity after the disputed material facts are resolved. But for now, the court denies Defendants' motion insofar as it asks the court conclude that the officers are entitled to qualified immunity.").

The Court accordingly finds that there are genuine disputes of material facts as to whether Detective Derry's conduct violated Shay's Fourteenth Amendment rights, which preclude summary judgment on the first step of the qualified immunity test.

### 2. Genuine Disputes Of Material Facts Prevent The Court From Determining Whether The Specific Fourteenth Amendment Rights Violated, If Any, Were Clearly Established At The Time

Even if Detective Derry is found to have violated Shay's Fourteenth Amendment rights, he may still be entitled to qualified immunity pursuant to the second step of the analysis if the constitutional violation he caused was not "clearly established" at the time he executed the bail hold. Wilkins, 350 F.3d at 955 ("Even if [defendant's] actions did violate the Fourth Amendment, a reasonable but mistaken belief that his conduct was lawful would result in the grant of qualified immunity.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

But given the genuine disputes of material facts outlined in § IV.C.1, supra, the Court is precluded from making this determination. Until the genuine disputes of material facts in this case are resolved, the Court cannot determine what constitutional violation occurred, and, consequently, whether that constitutional violation, if any, was "clearly established" at the relevant time such that Detective Derry could reasonably believe his conduct was lawful. See Espinosa v. City & Cnty. of S.F., 598 F.3d 528, 532 (9th Cir. 2010) (affirming a denial of summary judgment on qualified immunity grounds because "there are genuine issues of fact regarding whether the officers violated [the plaintiff's] [constitutional] rights" that were "also material to a proper determination of the reasonableness of the officers' belief in the legality of their actions"); Santos, 287 F.3d at 855 n.12 (declining to decide the qualified immunity issue "because whether the officers may be said to have made a 'reasonable mistake' of fact or law may depend on the jury's resolution of disputed facts and the inferences it draws therefrom"); see also Curiel v. Cty. of Contra Costa, 362 F. App'x 824, 830 (9th Cir. 2010) ("[B]ecause the deputies dispute Appellants' version of what happened . . . and resolution of those facts are material to a proper determination of the reasonableness of the deputies' belief in the legality of their actions, we leave the determination of qualified immunity to the district court on remand.").[7]

Because there are genuine disputes of material facts that preclude the Court from determining at this time whether Detective Derry could reasonably believe his conduct was lawful or in violation of clearly established law, the Court concludes that it should deny defendants' summary judgment motion with respect to the second step of the qualified immunity analysis, as well.

---

[7] Defense counsel's contentions at oral argument do not change the Court's conclusion. As discussed above, courts routinely deny summary judgment to defendants at step two of the qualified immunity analysis where disputed facts at step one preclude a determination of the specific constitutional violation in question. Contrary to defense counsel's arguments, there has been no determination as to what, if any, specific constitutional violation Detective Derry committed. Until the still-disputed facts underlying that possible violation are settled at trial, the Court cannot determine at this time "whether it would be clear to" Detective Derry "that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **"O"** |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | September 23, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion for summary judgment.

IT IS SO ORDERED.

| | | 0 | : | 25 |
|---|---|---|---|---|
| | Initials of Preparer | KDI | | |