**RICKEY IVIE (S.B.N.: 76864)**
*rivie@imwlaw.com*
**ANTONIO K. KIZZIE (S.B.N.: 279719)**
*akizzie@imwlaw.com*
**IVIE, McNEILL & WYATT**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028/(213) 489-0552 FAX

Attorneys for Defendants, **COUNTY OF LOS ANGELES, et al.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BERNARD SHAY,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a municipal entity, DETECTIVE CHRISTOPHER DERRY, an individual and DOES 1 through 10, inclusive<br><br>                    Defendants | Case No.: CV15-4607 CAS (RAOx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTONIO K. KIZZIE**<br><br>FPTC: October 21, 2019<br>TIME: 11:00 a.m.<br>CTRM: 8D<br><br>TRIAL: November 12, 2019<br>TIME: 9:30 a.m.<br>CTRM: 8D |

   **TO: THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

   PLEASE TAKE NOTICE that Defendants will and hereby do oppose Plaintiff's Motion in *Limine* No. 5.

   This Opposition is based upon the supporting Memorandum of Points and

---

Authorities, the papers and pleadings on file in this action, and upon such further

matters which may be presented at or before the hearing on this Motion.

**DATED:  October 1, 2019**                **IVIE, McNEILL & WYATT**


                                           **By:** *_/s/ Antonio K. Kizzie_____*
                                                **RICKEY IVIE, Esq.**
                                                **ANTONIO K. KIZZIE, Esq.**
                                                **Attorneys for Defendants**
                                                **COUNTY OF LOS ANGELES, et al.**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION/ARGUMENT

Plaintiff Allen Shay's ("Plaintiff") Complaint alleges that on May 20, 2014, Detective Christopher Derry ("Det. Derry") of the Los Angeles County Sheriff's Fraud and Cyber Crimes Division, deprived Plaintiff of his civil rights under *42 U.S.C. §1983*. In sum and following an undisputedly lawful arrest for involvement in financial crimes involving millions of dollars, the prosecutor, Los Angeles County Deputy District Attorney Walt Mueller's ("DDA Mueller") *Ex Parte* Motion to Examine Source of Bail (Section 1275) ("Bail Motion"), submitted the bail motion to ensure that Plaintiff did not use fraudulently obtained funds to post bail and attached Det. Derry's "bail hold" declaration under state law, California Penal Code § 1275.1(a) thereto. **Exhibit A, B.**

Here, the *primary issue for trial* in this case is whether Det. Derry's Penal Code 1275.1 declaration was filed with "deliberate indifference to or reckless disregard" for Plaintiff's rights based upon an unconstitutional County practice, which led to Plaintiff's bail hold and incarceration for eleven (11) days. *A. Shay v. County of Los Angeles, et.al.* **Exhibit C, pg. 5.**

### A. Plaintiff's Motion is Factually Deficient and Requests a Ruling in a Vacuum

Just like Plaintiff's motion *in limine* No. 3 and 4, Plaintiff's motion *in limine* No. 5 ("motion") should immediately be viewed with suspicion and denied by virtue of the fact that Plaintiff self-servingly characterizes and seeks to exclude a broad topic, yet fails to attach *any* such transcripts, discovery, material in support thereof for the Court to review and ascertain the merits of Plaintiff's arguments.

Under FRCP 7(b)(1), written motions must state "with particularity" the grounds upon which they are made and the relief or order sought based in factually supporting evidence. If allowed, such motions would force the court to "rule in a

vacuum." *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 670. Example, it is improper to bring a motion *in limine* seeking to exclude speculative testimony without any factual support or argument suggesting the type of speculative testimony expected. *Id*. at 671.

Asking the Court to rule that a witness should not "do X" or "say Y," *without* providing the Court any factual, specific basis in the record (in this case the subject portions of deposition) to review as evidence in support of the motion, effectively asks this Court to improperly "rule in a vacuum" and Defendants to speculate as to what Plaintiff means (considering that Det. Derry's deposition is 212 pages, 368 with exhibits), which is inherently problematic and improper.

Accordingly, Defendants cannot ascertain what exact portion of Det. Derry's deposition Plaintiff is referring to for purposes of opposition to this motion, nor what Plaintiff is talking about. At a minimum, the Court should deny or reserve judgment until Plaintiff supplies specific evidence upon which Plaintiff's motion is based for this Court's and Defendants' review and allow an opportunity for Defendants to defend against such.

## B. Plaintiff's Motion Seeks Merely to Exclude Highly Relevant, Damaging Evidence

Plaintiff's instant motion is arguably the least meritorious of all because it self-servingly requests the Court: 1) Rule in a vacuum; and 2) More importantly, skim Det. Derry's testimony as to his exhaustive financial fraud investigation to its absolute are bone conclusions in an attempt to white wash Det. Derry's findings regarding Plaintiff's involvement in this matter, yet *still* present the jury with the ultimate broad question of whether Det. Derry's bail hold declaration was filed with "deliberate indifference to or reckless disregard" for Plaintiff's rights.

Respectfully, such is obviously improper, absurd, and unfairly benefits Plaintiff in an egregious fashion because, should the Court grant Plaintiff's motion,

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5**
2

Plaintiff would tellingly seek to exclude the following facts, *among others*, significantly damaging to Plaintiff's case/credibility and relevant to Det. Derry's thought process as to why he felt it necessary to file the bail hold declaration:

1. Mr. Shay told Detective Derry, "I subpoenaed my own record, and they don't have anything showing that I signed to get this ($29,916.43) check drafted out of my account." However, Det. Derry's investigation confirmed Mr. Shay's signature was on the withdrawal slip used to purchase the $29,916.43 cashier's check that Turner used to commit financial fraud. **Exhibit D- Derry Decl. ¶ 8.**

2. Mr. Shay then offered the implausible and suspicious explanation that Jeffrey Gleason ("Mr. Gleason"), the Countrywide loan officer, may have somehow accessed Mr. Shay's personal HELOC account at Washington Mutual, took $29,916.43 to purchase the cashier's check, and then replaced the money without Mr. Shay or bank officials noticing. **Exhibit D- Derry Decl. ¶ 9.**

3. However, Detective Derry interviewed Mr. Gleason, who stated he knew Mr. Shay assisted Mr. Turner with the 2007 loans.

4. Detective Derry also interviewed a teller at Washington Mutual, Ms. Mariam Gasparyan ("Ms. Gasparyan"). Ms. Gasparyan confirmed that she issued the $29,916.43 cashier's check at Mr. Shay's request with funds from his personal HELOC account, Mr. Shay told her to name Mr. Turner as the remitter of the $29,916.43 check, and she called Mr. Shay's conspiracy explanation "ridiculous." **Exhibit D- Derry Decl. ¶ 13, Exhibit E- Derry Suppl. Report.**

5. Detective Derry discovered that Mr. Turner repaid Mr. Shay $51,829.00, which Derry suspected as a large kickback for allowing Turner to use the $29,916.43 cashier's check from Shay's HELOC funds to fraudulently

obtain the 2007 loans. Det. Derry reasonably viewed the whole $52,000 amount as fraudulent monies gained because it was Det. Derry's belief that Mr. Shay used $29,000 of his money to allow Mr. Turner to commit fraud, and Mr. Shay got $52,000 back. **Exhibit F- Det. Derry Depo.** Mr. Shay cannot use this Court to split hairs to limit his involvement to argue that even though Mr. Turner used his money to commit fraud with Plaintiff's knowledge, Det. Derry should only subscribe to Plaintiff's self-serving argument that only approximately $22,000 was tainted.

The aforementioned facts are merely the tip of the iceberg in terms of the total investigation to which Det. Derry was privy and relied upon in submitting his bail hold declaration.

It is common sense and only logical that in order to explain Det. Derry's actions, choices, and why they were *not* done with "deliberate indifference to or reckless disregard" for Plaintiff's rights, Det. Derry must be free to explain the totality of relevant evidence and inferences based thereon he relied on as to Plaintiff in support of his bail hold declaration *just a*s Plaintiff is free to offer competing relevant, admissible evidence, or argue the weight/credibility or lack thereof of such testimony.

Upon presenting such a broad claim, Plaintiff should not be permitted to pick and choose what favorable or unfavorable facts of Det. Derry's investigation revealed as to Plaintiff and what Det. Derry inferred from those facts, which is what this motion essentially requests *solely to Plaintiff's benefit.*

It is fundamental that "[e]xcept as otherwise provided by statute, all relevant evidence is admissible." FRE 401-404. " 'Relevant Evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determinations of the action." FRE 401-402. The

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5**

**4**

aforementioned evidence Plaintiff seeks to exclude is clearly relevant under this standard.

Federal Rule of Evidence 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or a needless presentation of cumulative evidence." "Unfair" in this context of prejudice means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. *U.S. v. Young* (D.S.D. 1990) 754 F. Supp. 739, 742. There is no such significant risk here that such testimony or argument will cause the jury to make an emotional over law and evidentiary choice as contemplated in the term "unfair prejudice."

Plaintiff clearly wishes to simply exclude *damaging* evidence. "Unfair" is not synonymous with "damaging." *Id*. Indeed, Det. Derry attached and referred to his thirty-one page Warrant Application detailing his investigation in support of his bail hold declaration and arrest warrant application, and should be permitted to reference such as necessary at trial to defend against Plaintiff's allegations.

**Exhibit E.**

Limiting Det. Derry's testimony to a mere four (4) facts/conclusions as Plaintiff suggests would be an egregiously unfair abuse of discretion under these circumstances of a complex financial investigation solely to Plaintiff's benefit as Plaintiff *tellingly* suggests no such similar limitation for his own testimony. Accordingly, Plaintiff's motion must be denied as frivolous.

///

///

///

///

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request, indeed implore, that this Court deny Plaintiff's motion *in limine* No. 5.

DATED:  October 1, 2019                        IVIE, McNEILL & WYATT

By: **/s/ *Antonio K. Kizzie***
                                               RICKEY IVIE, Esq.
                                               ANTONIO K. KIZZIE, Esq.
                                               Attorneys for Defendants
                                               COUNTY OF LOS ANGELES, et al.

## DECLARATION OF ANTONIO K. KIZZIE, ESQ.

I, **ANTONIO K. KIZZIE**, the undersigned, declare as follows:

1.      I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, United States District Court of Colorado, the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court.   I am a senior associate with the law firm of Ivie, McNeill & Wyatt, attorneys of record for Defendants COUNTY OF LOS ANGELES, et.al. in this case.  The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.      This declaration is made in support of Defendant's Opposition to Plaintiff's Motion in Limine No. 5.

3.      A true and correct copy of Deputy District Attorney Walt Mueller's Felony Complaint against Plaintiff is attached hereto as **Exhibit A.**

4.      A true and correct copy of Deputy District Attorney Walt Mueller's Ex Parte Application to Examine Source of Bail under P.C. 1275.1 and Det. Derry's "bail hold" declaration are submitted hereto as **Exhibit B**, collectively.

5.      A true and correct copy of the Ninth Circuit Memorandum in *A. Shay v. County of Los Angeles, et.al.* Case: 17-55918, Dkt. Entry 45-1 - Ninth Circuit Memorandum and Mandate are attached hereto as **Exhibit C, collectively.**

6.      A true and correct copy of Det. Derry's Declaration in support of Defendants' Motion for Summary Judgment is attached hereto as **Exhibit D.**

7.      A true and correct copy of Det. Derry's thirty-one page Warrant Application which Det. Derry cites in his bail hold declaration is attached hereto as **Exhibit E**, collectively.

8.      Detective Derry discovered that Mr. Turner repaid Mr. Shay $51,829.00, which Derry suspected as a large kickback for allowing Turner to use the $29,916.43 cashier's check from Shay's HELOC funds to fraudulently obtain

the 2007 loans. Det. Derry reasonably viewed the whole $52,000 amount as fraudulent monies gained because it was Det. Derry's belief that Mr. Shay used $29,000 of his money to allow Mr. Turner to commit fraud, and Mr. Shay got $52,000 back. True and correct copies of excerpts of Det. Derry's interview with Mr. Shay are attached hereto as **Exhibit F**, collectively.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This Declaration was executed on October 1, 2019, in Los Angeles, California.

*/s/ Antonio K. Kizzie*

**ANTONIO K. KIZZIE,**
**Declarant**