| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matt Sahak | Rickey Ivie |
| John Burton | Antonio Kizzie |

**Proceedings:** ORDER ON DEFENDANTS' MOTIONS IN LIMINE (ECF NOS. 98, 99, 100, 101, 102, 103, 104, 105, 106, 108)

ORDER ON PLAINTIFF'S MOTIONS IN LIMINE (ECF NOS. 113, 114, 115, 116, 117, 118)

## I.   INTRODUCTION & BACKGROUND

The history of this action is known to the parties and is summarized in the Court's September 23, 2019 order ("Second MSJ Order") denying defendants Los Angeles County, Los Angeles Sheriff's Department, and Detective Christopher Derry's second motion for summary judgment. ECF No. 107. For that reason, the Court recites only the factual and procedural background that gives rise to the parties' respective motions in limine ("MILs").

Plaintiff Allen Bernard Shay ("Shay") filed six MILs on September 30, 2019 ("Shay's MILs"). ECF Nos. 113-118. Defendants filed oppositions to each of Shay's MILs on October 2, 2019. ECF Nos. 124-129.

Defendants filed ten MILs on September 23, 2019 ("Defs.' MILs" or "Defendants' MILs"). ECF Nos. 98-106, 108. On October 7, 2019, Plaintiff filed oppositions to Defendants' MIL Nos. 3, 4, 7, 8, and 9 on October 7, 2019, ECF Nos. 134-35, 138-40, and notices of non-opposition to Defendants' MIL Nos. 1-2, 5-6, 10, ECF Nos. 132-33, 136-37, 141.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

On October 21, 2019, the Court held a hearing at which each of the parties appeared through counsel. Having carefully considered the parties' arguments, the Court concludes as follows.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." Bullard v. Wastequip Mfg. Co. LLC, No. 14-CV-01309-MMM (SSx), 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015).

"Trial courts have broad discretion when ruling on motions in limine." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-CV-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017). Such rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (internal citation omitted).

## III. SHAY'S MOTIONS IN LIMINE

### A. Shay's MIL No. 1

Shay moves for an order that "witnesses shall not opine as to the meaning and function of Cal. Penal Code § 1275.1" in testimony at trial, as well as an order excluding related argument from counsel. ECF No. 113-1 at 1. Shay contends that such testimony improperly "instructs the jury on the legal issues," "usurps the role of the Court," and—without citing or discussing any legal authority—conclusively asserts that such testimony is inadmissible pursuant to Federal Rules of Evidence ("FRE") 403 and 702. ECF No. 113 at 3. Defendants respond that Detective Derry's understanding of § 1275.1—and specifically, whether his conduct followed a reasonable interpretation of § 1275.1—is the central issue to be tried, and an order preventing Detective Derry (or any other witness)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

from addressing their understanding of what § 1275.1 means and requires would effectively "preclude Defendants from presenting any defense[.]" ECF No. 124 at 1-2.

The Court agrees that legal testimony is, as a general rule, inadmissible at trial. See Aguilar v. Int'l Longshoremen's Union Local No. 10, 966 F.2d 443, 447 (9th Cir. 1992) (holding that "matters of law for the court's determination" are "inappropriate subjects" for testimony at trial); 1 McCormick on Evidence § 12 (7th ed. 2016) ("[C]ourts do not allow opinion on a question of law."); e.g., A & M Records, Inc. v. Napster, Inc., No. 00-CV-0074-MHP, 2000 WL 1170106, at *8 (N.D. Cal. Aug. 10, 2000), aff'd, 239 F.3d 1004 (9th Cir. 2001) (excluding, for these reasons, expert report that purported to "testify about the applicable law"). But in a case such as this one, where whether an officer's interpretation of a penal statute was reasonable is a material question of fact for the jury to resolve, evidence regarding an officer's understanding of the law, training and department policy on what the law required, and his belief as to whether his conduct adhered to that understanding and training, is highly relevant. And while it is possible that defendants could attempt to elicit improper legal testimony, or otherwise attempt to submit inadmissible evidence purporting to establish an ultimate legal issue, Shay does not, at this time, identify any particular evidence for exclusion on that basis.

The Court, for this reason, finds it would be premature to issue a blanket ruling on the instant motion. Accordingly, the Court **DENIES** Shay's MIL No. 1 without prejudice. Shay may renew the motion at trial in response to specific testimony or evidence.[1]

  **B.**  **Shay's MIL No. 2**

In response to a specific argument raised in defendants' second motion for summary judgment, Shay moves "to exclude at trial any evidence, reference to, or argument that [Shay] could have or should have testified at his arraignment, or any negative inference based on [Shay's] exercising his Fifth Amendment right not to testify in the underlying criminal case." ECF No. 114 at 4. Shay contends that the prohibition against drawing a negative inference against a criminal defendant who invokes his Fifth Amendment right to

---

[1] Defendants also contend that MIL No. 1 should also be denied on grounds that hay failed to raise the motion with counsel pursuant to the meet and confer requirements of C.D. Cal. L.R. 7-3. Parties must adhere to the local rules. Because the Court denies MIL No. 1 without prejudice on other grounds, however, the argument raises a moot point that the Court does not reach.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

refuse to testify at his criminal trial extends to a subsequent civil § 1983 action brought by the former criminal defendant predicated on alleged infirmities in the criminal proceeding where the invocation took place. Id. at 3-4. Specifically, Shay argues that the evidence of his silence cannot be relevant, since it advances a defense that the Fifth Amendment, in effect, prohibits. Id.

Defendants respond that Shay's failure to testify to the lawfulness of the bail funds he intended to proffer, after the state court had found probable cause pursuant to § 1275.1(b) that those funds may have been feloniously obtained, is relevant to establish the cause of Shay's alleged injuries, as well as Shay's failure to mitigate his alleged damages from postarrest incarceration, because § 1275.1(c) placed the burden on Shay at his arraignment to rebut the probable cause determination by a preponderance of the evidence. ECF No. 125 at 2-4. Defendants contend that these defense theories do not impinge upon Shay's Fifth Amendment rights, and that any perceived threat to Shay's Fifth Amendment rights could be mitigated by a limiting instruction from the Court. Id. at 4.

Shay's decision to remain silent at his arraignment is protected by the Fifth Amendment. See Stoot v. City of Everett, 582 F.3d 910, 925 (9th Cir. 2009) (holding that criminal defendant had Fifth Amendment right against self-incrimination "in the arraignment hearing" where allegedly coerced statements were used against him in an affidavit filed by the prosecutor). While it is "well established that in a criminal trial a judge or prosecutor may not suggest that the jury draw an adverse inference from a defendant's failure to testify," United States v. Solano-Godines, 120 F.3d 957, 962 (9th Cir. 1997), neither the Supreme Court nor the Ninth Circuit have addressed whether a civil plaintiff may face an adverse inference at trial for invoking his Fifth Amendment rights in a prior criminal proceeding. Shay cites no legal authority forbidding the adverse inference, while defendants present no legal authority permitting it.

A federal district court in the Northern District of Illinois, however, recently encountered a virtually identical question. In Patrick v. City of Chicago, 314 F. Supp. 3d 970 (N.D. Ill. 2017), an exonerated prisoner brought a § 1983 action against the City of Chicago, city police officers, and county prosecutors alleging a conspiracy to violate his constitutional rights. During the parties' opening statements, Patrick's counsel stated that the civil case "would be the first time" Patrick had "an opportunity to tell his story to a jury of his peers." Id. at 971. Defense counsel responded in his opening statement that Patrick actually had, but forfeited, the opportunity to tell this story at his criminal trial. Id. The court, *sua sponte*, ordered the parties to brief whether a plaintiff's "prior Fifth Amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

silence at his criminal trial" may "be discussed or used in a subsequent civil trial (on largely the same matters) to drawn an adverse inference against him." Id. at 972.

Concluding that "the issue . . . appears to be one of first impression," the court analyzed two relevant lines of cases: one beginning with Griffin v. California, 380 U.S 609, 615 (1965), which holds that a criminal defendant's Fifth Amendment rights are violated if a prosecutor "draws an adverse inference of guilt" from his silence, and another beginning with Baxter v. Palmigiano, 425 U.S. 308, 318-21 (1976), which holds that the Fifth Amendment permits adverse inferences to be drawn against parties to civil actions when they refuse to testify in response to evidence offered against them in the civil proceeding. See Patrick, 314 F. Supp. 3d at 972.

From these bodies of law, the court extracted three relevant principles: "(1) when a defendant exercises his right not to testify absolutely, the government cannot comment upon his silence; (2) instances where silence can be used against a defendant are justified only if (a) inconsistency can be inferred from prior silence and subsequent testimony and (b) there is an element of unfairness (i.e., the defendant should not be permitted to use the Fifth Amendment as both a sword and a shield); and (3) the analysis should be fact specific and carefully balance the protections of the Fifth Amendment against the need for a full and fair development of the facts through cross-examination." Id. at 974. In view of those principles, the court concluded that Patrick "should not be penalized [in his § 1983 case] for invoking his Fifth Amendment rights during his criminal trial." Id. at 974-75.

The Court finds the reasoning applied in the substantially similar circumstances present in Patrick persuasive, and adopts it here. Shay exercised his constitutional right not to testify at his arraignment, and if that constitutional right is to have any meaning, its invocation cannot be held to prejudice his civil claims in this action. See Grunewald v. United States, 353 U.S. 391, 425 (1957) (Black J., concurring) ("The value of constitutional privileges is largely destroyed if persons can be penalized for relying on them."); see also S.E.C. v. Grossman, 121 F.R.D. 207, 210 (S.D.N.Y. 1987) ("It is, however, unconstitutionally coercive to condition the exercise of the Fifth Amendment privilege against self-incrimination on the loss of substantial economic interests.") (citing Garrity v. New Jersey, 385 U.S. 493, 498 (1967)).

Shay's MIL No. 2 is accordingly **GRANTED**. Evidence or argument that Shay could have, but did not, testify at his arraignment shall not be admissible at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

### C. Shay's MIL No. 3

Shay moves to exclude "any evidence, reference to, or argument that [Detective] Derry suspected [Shay] of possessing feloniously obtained funds from the 2005 real-estate transaction." ECF No. 115 at 4. Shay contends that the evidence, previously raised in Detective Derry's deposition, is irrelevant and prejudicial because Detective Derry "had no basis for believing any money [Shay] obtained associated with the 2005 transaction was illegal." Id. Defendants respond that the credibility and reasonableness supporting the basis for Detective Derry's belief and conduct based thereon is a major issue for the jury to determine at trial, and that Shay's MIL No. 3 goes to the weight, not the admissibility, of that testimony. ECF No. 126 at 3-5.

The Court agrees with defendants. Whether or not Shay had a "basis for believing" the proffered bail funds were fraudulently obtained is a question of fact for the jury. It is a key issue for trial, and highly relevant. Shay's relevance objections are merely attacks on the weight of Detective Derry's testimony, not its admissibility. See Jones v. Aero/Chem Corp., 921 F.2d 875, 880 (9th Cir. 1990) (holding that the district court properly admitted challenged testimony over the objection that the testimony was supposedly "untrue" since the objection "goes to the weight of the testimony, not its admissibility"). If Shay believes Detective Derry's testimony is unbelievable, he may draw that out in cross examination, or through other witnesses at trial. But there is no basis to exclude Detective Derry's testimony altogether pursuant to FRE 401. Similarly, the Court declines Shay's invitation to exclude the testimony by exercising its discretion pursuant to FRE 403. That rule permits the Court to exclude otherwise relevant evidence if its probative value is substantially outweighed by its prejudicial effect. See Fed. R. Evid. 403. But the only prejudice Shay identifies is the additional effort required to rebut the potentially damaging testimony. That is not a basis to exclude the testimony. United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir. 1988) ("Prejudice does not mean that the [movant's] case is merely damaged, for the more probative the evidence is, the more damaging it is apt to be.").

For these reasons, Shay's MIL No. 3 is **DENIED**.

### D. Shay's MIL No. 4

Shay moves to exclude "evidence, reference to, or argument that [Detective Derry] suspected [Shay] of having access to equity in Eddie Turner's property." ECF No. 116 at 4. Shay contends that the evidence is irrelevant and prejudicial because Detective Derry "had no basis for a reasonable belief" that Shay "had access to any of Eddie Turner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

assets" in May 2014. Id. at 3. As with Shay's MIL No. 3, defendants respond that the credibility and reasonableness supporting the basis for Detective Derry's beliefs and conduct based thereon is a major issue for the jury to determine at trial, and that Shay's MIL No. 4 goes to the weight, not the admissibility, of the challenged testimony. ECF No. 127 at 3-6.

For the same reasons discussed above in connection with Shay's MIL No. 3, the Court **DENIES** Shay's MIL No. 4. Shay's relevance objections go to the weight, not the admissibility, of the evidence, while Shay's objections pursuant to FRE 403 fail to establish that the challenged testimony is prejudicial, let alone substantially more prejudicial than it is probative.[2]

### E. Shay's MIL No. 5

Shay moves to exclude "evidence or argument relating to the underlying criminal charges and prosecution against [Shay] other than an outline of the underlying transaction, the charges, and the dismissal." ECF No. 117 at 4. Shay conclusively asserts, without citation to any authority, case, or rule of evidence, that "[a]ny further evidence or argument relating to the underlying criminal case would be irrelevant, waste time, and unfairly prejudice the jury against one party or the other." Id. at 3. Defendants respond that Shay's MIL No. 5 is speculative and seeks to exclude a broad swath of unidentified testimony that could be relevant to establish whether Detective Derry's bail hold determination was reasonable under the circumstances, or executed with deliberate indifference or reckless disregard for Shay's rights. ECF No. 128 at 2-5.

The Court agrees with defendants. Shay does not identify the specific evidence he seeks to exclude. In fact, Shay's MIL No. 5 merely identifies four factual assertions whose admission Shay represents he will *not* oppose. ECF No. 117 at 4-5. At oral argument, Shay's counsel explained that the purpose of this motion is to streamline trial by agreeing on a set of facts regarding the underlying criminal proceeding that can be presented to the jury. But while this motion was pending, the Court approved a jointly submitted pretrial

---

[2] Shay also fails to identify any specific testimony that defendants have submitted, or indicated that they intend to submit, along the lines of the testimony objected to in MIL No. 4. For that reason, too, the motion is denied. See Bullard, 2015 WL 13757143, at *7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

conference order setting forth several "admitted facts" and "stipulated facts" that address the underlying criminal proceeding. See ECF No. 148-1 at 4. The Court intends to advise the jury that those facts are not disputed and should be taken as true, unless the parties demonstrate good cause for not doing so.

Without any particular evidence before the Court to consider for exclusion, nor any clear rationale or basis to exclude even hypothetical evidence under either FRE 401 or FRE 403 (the only two bases for exclusion alluded to in the motion), it would be premature to address Shay's MIL No. 5 at this juncture. See Bullard, 2015 WL 13757143, at *7; Colton Crane Co., 2010 WL 2035800, at *1. The Court accordingly **DENIES** Shay's MIL No. 5, without prejudice. Shay may renew the motion at trial in response to specific testimony or evidence.

   F.   **Shay's MIL No. 6**

Shay moves to exclude testimony from defendants' designated rebuttal expert, Walter Mueller. ECF No. 118 at 3. Defendants intend to call Mueller to testify as to the reasonableness of defendants' decision to prosecute Shay, and hold him without bail pursuant to § 1275.1 ECF No. 129-7 at 1. Shay contends—again without citation to any authority, case, or rule of law—that Mueller should not be permitted to testify as a rebuttal expert because Shay "has withdrawn the expert, Roger Clark, Mr. Mueller was designated to rebut." Id. Defendants respond that Mueller was properly disclosed pursuant to Federal Ruel of Civil Procedure 26, and should be permitted to testify. ECF No. 129 at 2-5.

Shay does not argue that Mueller was improperly disclosed. Nor does he contest defendants' ability to call Mueller to testify as a percipient witness. His only argument is that Mueller no longer has any basis to testify as an expert now that Shay has withdrawn the affirmative expert Mueller was designated to rebut. This argument has some merit. In Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748 (8th Cir. 2006), for instance, the Eighth Circuit held that a district court "did not abuse its discretion in refusing to allow [plaintiff's expert witness] to testify in rebuttal" on topics related to medical causation because defendants "presented no evidence on medical causation" during their defense case in chief "and therefore, there was no evidence for [the proposed rebuttal expert] to rebut." Id. at 760-61.

"Circumstances may exist in which the party proffering and then withdrawing an affirmative expert," like Shay here, "might prevail on such an argument." Olivero v. Trek Bicycle Corp., No. 16-CV-00761-WJM (MJW), 2018 WL 3459424, at *1 (D. Colo. July

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

18, 2018). The <u>Olivero</u> court, which analyzed an analogous MIL to the instant motion, considered one such possibility:

> Imagine, for example, a breach of contract dispute where the plaintiff has been claiming future lost profits, and has proffered an expert to calculate those damages. The defendant has proffered a rebuttal expert criticizing the affirmative expert's calculations and offering an alternative calculation. If the plaintiff abandons its claim for future lost profits, then the defendant's rebuttal expert's testimony would probably become inadmissible because it would be irrelevant, not because the expert had been proffered under the "rebuttal" label. Indeed, the expert could have produced a preemptive report on the affirmative expert deadline . . . and his or her testimony would still likely be inadmissible as irrelevant. It would no longer address a matter that is of consequence in determining the action.

<u>Id.</u> at *1.

In contrast with this example, however, the <u>Olivero</u> court found that the moving party in that case had "not abandoned any portion of their case" by withdrawing the expert the opposing party intended to rebut with the challenged expert testimony, but had merely abandoned "a particular witness who might have supported their theory of the case, which remains the same." <u>Id.</u> at *1-2. In denying the MIL, the court found "there is still a theory to rebut" in these circumstances "even if an affirmative expert will not testify in support of that theory," and concluded that "the Oliveros' choice to present their case without expert testimony is not dispositive of whether Trek can defend through testimony of an expert properly disclosed under Rules 26(a)(2)(D) as a rebuttal expert." <u>Id.</u> at *1-2 (adding that there "is no rule that, at trial, a rebuttal expert may testify only in response to an affirmative expert's trial testimony").

The Court finds this reasoning persuasive, and applies it to Shay's MIL No. 6. While Shay is no longer offering expert testimony in support of his contention that Detective Derry's conduct was unreasonable, the reasonableness of Detective Derry's decision to execute the bail hold remains a material issue. Shay "intend[s] to prove the same theory" that Clark, the withdrawn expert, "would have presented through his opinions," such that Mueller's opinions "continue to have a 'tendency to make a fact of consequence more or less probable than it would be' otherwise." <u>Id.</u> at *2 (quoting Fed. R. Evid. 401). Mueller

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

will be permitted to testify as to accepted practices, so long as his testimony does not invade the province of the jury to decide ultimate issues.

Shay's MIL No. 6 is accordingly **DENIED**.

## IV. DEFENDANTS' MOTIONS IN LIMINE

### A. Defendants' Unopposed MIL Nos. 1, 2, 5, 6, 10

Defendants submit five motions in limine that Shay does not oppose: Defendants' MIL No. 1 seeks to exclude Shay's expert Roger Clark; Defendants' MIL No. 2 seeks to limit evidence of damages to those sustained during the dates of Shay's incarceration; Defendants' MIL No. 5 seeks to exclude testimony and argument that Shay's postarrest incarceration was racially motivated; Defendants' MIL No. 6 seeks to exclude testimony and argument that defendants lacked probable cause to arrest Shay; and Defendants' MIL No. 10 seeks to exclude testimony and argument that defendants used excessive force. See ECF Nos. 98, 99, 102, 103, 108. Because Shay does not oppose these MILs, see ECF Nos. 132, 133, 136, 137, 141, these unopposed MILs are **GRANTED**.

### B. Defendants' MIL No. 3

Defendants move to exclude "all evidence, references, argument, and testimony regarding [Shay's] subsequent acquittal at the preliminary hearing," which occurred four months after his arrest. ECF No. 100 at 2.

Defendants' argue that evidence of Shay's acquittal is irrelevant to the issues related to the constitutionality of Shay's postarrest incarceration, and prejudicial because it may tend to confuse issues for the jury, or improperly invite the jury to reach a decision about defendants' civil liability to Shay in this case based on Shay's acquittal in the underlying criminal proceeding. Id. at 6-8. Shay responds that the "dismissal of the four felony charges" is "an indispensable component" of Shay's case because omitting this fact would invite jurors to "speculate that Mr. Shay was convicted of the charges," and lead them to draw a negative inference against him. ECF No. 134 at 2-3. Additionally, Shay contends that evidence of the dismissal is relevant to his damages, since it allows Shay to explain to the jury that he is entitled to damages for the entirety of his postarrest incarceration, and that no part of his postarrest incarceration functioned as "time served" for any conviction. Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

"Allowing proof of acquittal on criminal charges into evidence in a related civil case may . . . constitute an abuse of discretion," but only "if not limited by careful jury instructions." Sloman v. Tadlock, 21 F.3d 1462, 1471 (9th Cir. 1994) (holding that, even without a limiting instruction, the admission of an acquittal from the underlying criminal trespass case did not constitute reversible error where the § 1983 plaintiff merely "introduced his acquittal to corroborate his claim that his motive in bringing the civil rights suit was recovery of the costs incurred in defending against the criminal charges," and any possible adverse inference against the defendants was harmless error). As contemplated by Sloman, courts in this district have, in similar circumstances, permitted evidence of underlying acquittals to reach juries hearing § 1983 claims, when they are accompanied by appropriate limiting instructions, in order to prevent jury speculation. See, e.g., Isom v. City of Los Angeles, No. 14-CV-08826-AB (AJWx), 2016 WL 6948666, at *3 (C.D. Cal. Apr. 1, 2016).

Isom arose out of a traffic stop where plaintiff alleged that Los Angeles Police Department officers arrested him without probable cause. Id. at *1. Before trial on plaintiff's § 1983 claim, the city moved to exclude evidence that plaintiff was not ultimately issued a citation following the traffic stop. Id. at *3. While the court agreed that the evidence "had no relevance to whether the officers had probable cause" to support the stop, and risked "misleading the jury into necessarily inferring that the officers lacked probable cause," the court concluded that the evidence should nevertheless be admitted "to prevent the jury from speculating" about plaintiff's guilt or innocence with potentially prejudicial effects, and ordered that the court would instruct the jury "not to draw from this fact any inference about Plaintiff's conduct," and to "base their findings about his conduct solely on the evidence presented at trial." Id.

This approach is appropriate here, where limited evidence that the charges against Shay were dismissed is not merely marginally relevant to dispel potentially prejudicial speculation, but also directly relevant to establish the scope of Shay's damages. To avoid any prejudice to defendants, however, the Court will provide a limiting instruction to the effect that the fact the charges were ultimately dropped against Shay has no bearing on whether defendants' decision to execute a § 1275.1 bail hold was reasonable, deliberately indifferent, or reckless. The parties are directed to provide a jury instruction to that effect.

Defendants' MIL No. 3 is accordingly **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

C.     **Defendants' MIL No. 4**

Defendants move to exclude "all evidence, references, argument, and testimony that [Shay] was defamed or harmed due to the Los Angeles Sheriff's Department press release issued after his arrest." ECF No. 101 at 2. Defendants contend that the evidence is irrelevant because the Ninth Circuit affirmed this Court's order granting summary judgment to defendants on Shay's defamation claim. Id. at 4-5. While Shay acknowledges that he "does not have a cause of action for defamation" and represents that "he will not testify or argue he was defamed," Shay contends that evidence related to the press release is relevant to the reputational injuries he suffered as a result of his postarrest incarceration, and for which he intends to recover damages at trial. ECF No. 135 at 2-3.

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 306 (1986). The Supreme Court has accordingly held that "mental and emotional distress caused by the denial of procedural due process . . . is compensable under § 1983," provided that there is "proof that such injury actually was caused" by the alleged constitutional violation. Carey v. Piphus, 435 U.S. 247, 264 (1978). Whether or not Shay can prove that his postarrest incarceration was the actual and proximate cause of the reputational injuries he claims to have suffered as a result of the press release, he is entitled to present evidence of the press release for the purpose of establishing the scope of those claimed injuries. The dismissal of Shay's defamation claim does not prevent Shay from seeking these alleged reputational damages on his remaining postarrest incarceration claim.

Defendants' MIL No. 4 is accordingly **DENIED**.

D.     **Defendants' MIL No. 7**

Defendants move to exclude "all evidence, references, questioning, argument, and testimony" that Detective Derry's § 1275.1 bail hold declaration "was 'false,' 'fabricated,' or otherwise judicially deceptive." ECF No. 104 at 2. Defendants contend that the falsity or deceptiveness of Detective Derry's bail hold declaration "is simply not the issue" because the Ninth Circuit affirmed this Court's conclusion that Detective Derry "did not engage in judicial deception." Id. at 4. Shay states that while he "will abide the Ninth Circuit's mandate" and "will not present evidence or argue that trial that the *arrest warrant application* was judicially deceptive," the "only remaining issues in this case concern

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

whether [Detective Derry] submitted a false declaration in support of the § 1275.1 bail hold motion." ECF No. 138 at 1-2 (emphasis added).

Shay is correct. The Ninth Circuit's mandate affirmed this Court's conclusion with respect to the declaration submitted in support of the warrant application, not the § 1275.1 bail hold declaration. See Shay v. Cty. of Los Angeles, 762 F. App'x 416, 418 (9th Cir. 2019) (affirming summary judgment for defendants on Shay's judicial deception claim "[b]ecause probable cause existed *for the arrest warrant* and Derry did not make any material misstatements or omissions *in the warrant application*") (emphasis added). The veracity of Detective Derry's declaration submitted in support of the § 1275.1 bail hold, meanwhile, is directly relevant to the ultimate issues before the jury: whether the bail hold was issued "with deliberate indifference to or reckless disregard for Shay's rights," and, if so, whether the constitutional violation resulted from "a long-standing municipal practice." Id. at 419.

Defendants' MIL No. 7 is accordingly **DENIED**.

E.   **Defendants' MIL No. 8**

Defendants move to exclude all evidence, references, questioning, argument, and testimony from Shay's criminal defense attorney, Korey Matthewson. ECF No. 105 at 2. In April 2016, Shay disclosed Matthewson as a witness, and stated that he would testify regarding damages. ECF No. 105-3 at 3 (Shay's Rule 26(a) Initial Disclosures). Defendants argue that Matthewson's testimony is now irrelevant because Shay's claim for arrest without probable cause is no longer at issue. ECF No. 105 at 4-8. They further contend that Shay cannot rely upon Matthewson for any other purpose (including to offer expert testimony) since Matthewson was only disclosed to discuss damages. Id. at 6-8. Shay contends that Matthewson will *only* testify on damages, and that the testimony is relevant because Shay is entitled to seek damages for the reasonable value of the attorney time Matthewson expended to lift the bail hold, and because that testimony is relevant to rebut defense theories that Shay allegedly failed to mitigate his damages. ECF No. 139 at 1-2.

Shay is entitled to seek damages for the attorney time spent securing his release from the § 1275.1 bail hold. See Borunda v. Richmond, 885 F.2d 1384, 1389–90 (9th Cir. 1988) ("A plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations," including, in cases like this one,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

"expenditures for legal representation during the prior criminal proceeding" where the constitutional violation is alleged to have occurred."). To actually recover damages, Shay will need to both prove the constitutional violation and establish that the constitutional violation was the actual and proximate cause of his legal expenses. Id. at 1390 (holding that the costs of legal representation are only recoverable "if proved to the jury's satisfaction to be the consequence of [defendants'] illegal conduct"). But for the purpose of this MIL challenging the threshold admissibility of Matthewson's testimony, it is enough that Shay is entitled to seek the damages that, he claims, arise from Matthewson's services. See, e.g., Williams v. Devlin, 100 F. Supp. 3d 8, 10 (D.D.C. 2015) (denying MIL to exclude testimony of § 1983 plaintiff's criminal defense attorney because "the testimony regarding the cost of Plaintiff's legal fees for the underlying criminal action is relevant to Plaintiff's [§ 1983] claim in so far as Plaintiff is seeking compensatory damages for that claim that would include his legal fees"). Additionally, to the extent Matthewson can testify to facts related to Shay's efforts to mitigate his damages during the period in which he was incarcerated, that testimony is also relevant. See ECF No. 125 at 2-4 (defendants' opposition to Shay's MIL No. 2 indicates that defendants intend to raise Shay's alleged failure to mitigate damages as an affirmative defense).

Defendants' MIL No. 8 is accordingly **DENIED**.

At the pretrial conference, the Court expressed concerns that Matthewson's testimony will be cumulative. Specifically, since Shay can submit damages evidence related to Matthewson's fees (i.e. the total amount paid) himself, and since the Court has already excluded the alleged "failure to mitigate" evidence related to Shay's decision not to testify at his arraignment, see supra §III.B granting Shay's MIL No. 2, the Court requested that Shay explain what non-cumulative evidence he intends to offer from Matthewson at trial. After oral argument, the Court is persuaded that Matthewson may have non-cumulative testimony to rebut evidence related to Shay's alleged failure to mitigate, but only to the extent that defendants open the door. The Court is less persuaded that Matthewson's damages testimony will be non-cumulative. The Court accordingly reserves ruling on the cumulative nature of Matthewson's testimony until trial.

### F.    Defendants' MIL No. 9

Defendants move to exclude evidence of "third party misconduct not directly attributable to" Detective Derry. ECF No. 106 at 2. Defendants contend that Shay should not be allowed to present evidence related to the conditions he encountered or incidents of mistreatment or emotional distress he experienced during his postarrest incarceration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

insofar as those incidents and distress flow from the actions of third parties not named in the complaint, and who cannot be liable to Shay pursuant to § 1983 as a matter of law. Id. at 3-6. Shay responds that the conditions, abuses, and emotional distress he experienced during his 11 day incarceration in county jail facilities, and during the § 1275.1 bail hearing, was a "foreseeable consequence" of defendants' violation of Shay's constitutional rights, and that Shay is entitled to seek damages for these injuries pursuant to § 1983. ECF No. 140 at 2-4.

As discussed above, § 1983 permits Shay to seek "compensatory damages for all injuries suffered as a consequence of" the constitutional violations he alleges. Borunda, 885 F.2d at 1389. Once again, while it will be incumbent upon Shay to establish at trial that the defendants' alleged constitutional violations, if proven, actually and proximately caused the damages he claims to have suffered while he was in custody, evidence related to those damages is clearly relevant. In fact, because Shay has foresworn any attempt to recover lost wages or any other economic damages, evidence related to this kind of non-economic damage forms the core of Shay's potential recovery. Defendants' argument that evidence of these damages is irrelevant because they implicate unrelated third-parties goes toward issues of causation, not admissibility. It may well be the case that, as defendants argue, the sorts of allegedly distressing conditions and experiences Shay encountered while in custody were not "reasonably foreseeable." See ECF No. 106 at 6. But that is a question for the jury to decide after it hears all the evidence, not an issue that precludes the admission of that evidence in the first place. See Second MSJ Order at 7 n.4 (explaining that the "Ninth Circuit clearly reached the causation issue in its *de novo* review" of this Court's first summary judgment order, and held that genuine issues of material fact precluded summary judgment on whether defendants' conduct "led to" Shay's constitutional injuries).

The Court accordingly **DENIES** Defendants' MIL No. 9.

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:15-CV-04607-CAS (RAOx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | SHAY V. COUNTY OF LOS ANGELES; ET AL. | | |

## V.    CONCLUSION

For the foregoing reasons, the Court rules as follows: Shay's MIL Nos. 1 and 5 are **DENIED**, without prejudice to be raised again at trial; Shay's MIL No. 2 is **GRANTED**; Shay's MIL Nos. 3, 4, and 6 are **DENIED**; Defendants' MIL Nos. 1, 2, 5, 6, and 10 are **GRANTED**; Defendants' MIL Nos. 3, 4, 7, 8, and 9 are **DENIED**.

IT IS SO ORDERED.

|  | 01 : 04 |
|---|---|
| Initials of Preparer | CMJ |