FILED
CLERK, U.S. DISTRICT COURT

NOV 15 2019

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BERNARD SHAY, | Case No. CV 15-4607-CAS (RAOx) |
|         Plaintiff, | |
|     v. | JURY INSTRUCTIONS |
| COUNTY OF LOS ANGELES, et AL., | |
|         Defendant. | |

november 15, 2019

christina a. snyder

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff, Allen Shay, asserts that the Defendant, Detective Derry, interfered with his Constitutional right to bail by executing a bail-hold declaration with deliberate indifference or reckless disregard for Plaintiff's rights. Plaintiff further asserts that Detective Derry signed the bail-hold declaration pursuant to a countywide practice to do so in every felony theft case. Plaintiff has the burden of proving these claims.

The Defendants deny those claims. Detective Derry contends he signed the bail-hold declaration based on his belief that Plaintiff has had access to feloniously obtained funds which could be used to post bail. Defendants Detective Derry and Los Angeles County further contend no countywide practice exists to sign bail-hold declarations in every felony theft case. The Defendants also assert various affirmative defenses. The Defendants have the burden of proof on these affirmative defenses.

### INSTRUCTION NO. 3

When a party has the burden of proving any claim, or affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim, or affirmative defense, is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

### INSTRUCTION NO. 4

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

### INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;

    2. the exhibits that are admitted into evidence;

    3. any facts to which the lawyers have agreed; and

    4. any facts that I have instructed you to accept as proved.

### INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

### INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 10

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. 11

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved. These facts are:

1.     On May 1, 2014, Deputy District Attorney Walter Mueller submitted an arrest warrant for Mr. Shay and a motion to examine the source of any bail funds offered on Plaintiff's behalf under Cal. Penal Code § 1275.1. The bail-hold motion was supported by a declaration from Detective Derry that he had probable cause to believe Mr. Shay has had access to feloniously obtained fund that could be used to post bail.

2.     Detective Derry was acting within the course and scope of his employment and under the color of law

3.     Mr. Shay was arrested on May 20, 2014 for grand theft and procuring and offering a false or forged document.

4.     Probable cause existed to arrest Mr. Shay.

5.     On May 27, 2014, Mr. Shay's attorney filed a motion for release of bail hold with a hearing date of May 29, 2014.

6.     On May 30, 2014, the Los Angeles Superior Court removed the hold on Mr. Shay's bail.

7.     On September 11, 2014 the Los Angeles Superior Court dismissed the charges against Mr. Shay.

8.     Detective Derry had a reasonable belief that in 2007 Mr. Shay received $21,913 in feloniously obtained funds.

9.     Mr. Eddie Turner was convicted of obtaining the 2005 and 2007 mortgage loans through fraudulent and falsified documents.

### INSTRUCTION NO. 12

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Walter Mueller was taken on April 27, 2017. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers. Out of court statements and legal conclusions contained within this testimony are not offered for their truth, but to show Mueller's state of mind and thought process.

### INSTRUCTION NO. 13

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

### INSTRUCTION NO. 14

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room, and if you need technical assistance, it will be provided.

### INSTRUCTION NO. 15

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### INSTRUCTION NO. 16

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic

means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Tinder, Instagram, LinkedIn, Snapchat, Venmo or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### INSTRUCTION NO. 18

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

### INSTRUCTION NO. 19

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the

10

Plaintiff for any injury you find was caused by the Defendants. In determining the measure of damages, you should consider the following:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and

4. The reasonable value of necessary legal services required up to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. 20

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

## INSTRUCTION NO. 21

If you find for the Plaintiff and against Detective Derry, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it

11

1  is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the
2  plaintiff's rights if, under the circumstances, it reflects complete indifference to the
3  plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that
4  its actions will violate the plaintiff's rights under federal law. An act or omission is
5  oppressive if the defendant injures or damages or otherwise violates the rights of the
6  plaintiff with unnecessary harshness or severity, such as by misusing or abusing
7  authority or power or by taking advantage of some weakness or disability or
8  misfortune of the plaintiff.

9      If you find that punitive damages are appropriate, you must use reason in setting
10 the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their
11 purposes but should not reflect bias, prejudice or sympathy toward any party. In
12 considering the amount of any punitive damages, consider the degree of
13 reprehensibility of the defendant's conduct, including whether the conduct that harmed
14 the plaintiff was particularly reprehensible because it also caused actual harm or posed
15 a substantial risk of harm to people who are not parties to this case. You may not,
16 however, set the amount of any punitive damages in order to punish the defendant for
17 harm to anyone other than the plaintiff in this case.

18 In addition, you may consider the relationship of any award of punitive damages to
19 any actual harm inflicted on the plaintiff.

20 Punitive damages may not be awarded against Los Angeles County.

21                          **INSTRUCTION NO. 22**

22     Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which
23 provides that any person or persons who, under color of state law, deprives another of
24 any rights, privileges, or immunities secured by the Constitution or laws of the United
25 States shall be liable to the injured party.

### INSTRUCTION NO. 23

In order to prevail on his § 1983 claim against Defendant Detective Derry, Plaintiff must prove each of the following elements by a preponderance of the evidence:

    1. the Defendant acted under color of state law; and

    2. the acts of the Defendant deprived Plaintiff of his particular rights under the laws of the United States Constitution as explained in later instructions.

A person acts "under color of state law when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Defendant Detective Derry acted under color of state law.

If you find Plaintiff Allen Shay has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction No. 24, your verdict should be for the Plaintiff. If, on the other hand, you find that the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

### INSTRUCTION NO. 24

Plaintiff Allen Shay has brought a claim under the Fourteenth Amendment to the United States Constitution against the Defendants. The Fourteenth Amendment provides, among other things, that no public official shall deprive any person of liberty without due process of law. The Plaintiff asserts that Defendant Detective Derry deprived Plaintiff Allen Shay of his rights under the Fourteenth Amendment when Defendant Detective Derry executed a § 1275.1 bail-hold declaration on May 1, 2014, without probable cause to believe that Plaintiff has had access to feloniously obtained funds that could be used to post bail in the criminal matter.

To prevail on this claim, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

    1.    Defendant Detective Derry acted with objective deliberate indifference to

or reckless disregard for Plaintiff's rights or for the truth in signing the § 1275.1 bail hold declaration on May 1, 2014, without probable cause to believe Plaintiff has had access to feloniously obtained funds that could be used to post bail in the criminal matter; and

2.    Mr. Shay's incarceration would not have been prolonged but for Detective Derry signing the § 1275.1 bail hold declaration with deliberate indifference to, or reckless disregard for, Mr. Shay's rights, or the truth.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Conduct is in "reckless disregard" of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's rights, or the Defendant acts in the face of a perceived risk that his actions will violate the Plaintiff's rights under federal law.

## INSTRUCTION NO. 25

In order to prevail on his § 1983 claim against Defendant Los Angeles County alleging liability based on a practice, or custom, Plaintiff Allen Shay must prove each of the following elements by a preponderance of the evidence:

1. Detective Derry acted under color of state law;

2. The acts of Detective Derry deprived Plaintiff Allen Shay of his particular rights under the United States Constitution;

3. Detective Derry acted pursuant to a widespread or longstanding practice or custom of Defendant Los Angeles County; and

4. Defendant Los Angeles County's widespread or longstanding practice or custom caused the deprivation of Plaintiff's rights by Detective Derry; that is, Los Angeles County's widespread or longstanding practice or custom is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

14

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Detective Derry acted under color of state law.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the Defendant Los Angeles County.

If you find that the Plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions 23 and 24, your verdict should be for the Plaintiff. If, on the other hand, you find that the Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendants.

### INSTRUCTION NO. 26

Some evidence that you heard may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Evidence that Defendants issued a news release announcing Plaintiff Allen Shay's arrest was received into evidence for the limited purpose of assisting with your consideration of the nature and extent of Plaintiff's injuries resulting from his incarceration. You are not to decide whether or not the news release itself defamed Plaintiff Shay.

The parties agree that probable cause existed to arrest Mr. Shay, and it has been determined that Detective Derry's declaration in support of the arrest warrant was not deceptive. The fact that there was probable cause to arrest Mr. Shay, and the fact that Detective Derry's declaration in support of the warrant for that arrest was not deceptive, is not determinative of whether Detective Derry's decision to sign the

§ 1275.1 bail hold declaration was deliberately indifferent to, or showed reckless disregard for, Mr. Shay's rights, or the truth.

The parties agree that the Los Angeles Superior Court dismissed the criminal charges brought against Mr. Shay. The fact that the criminal charges against Mr. Shay were dismissed is not determinative of whether Detective Derry's decision to sign the § 1275.1 bail hold declaration was deliberately indifferent to, or showed reckless disregard for, Mr. Shay's rights, or the truth.

## INSTRUCTION NO. 27

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## INSTRUCTION NO. 28

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.