UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:15-CV-04607-CAS-RAOx | Date | May 14, 2021 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

Proceedings: (IN CHAMBERS) - NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT FOR FRAUD ON THE COURT (Dkt. 205, filed on April 8, 2021)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

## I.     INTRODUCTION AND BACKGROUND

Before the Court is plaintiff Allen Bernard Shay's motion to vacate the judgment entered against him. Dkt. 205 ("Mot."). Defendants County of Los Angeles and Detective Christopher Derry (together, "defendants") oppose. Dkt. 206 ("Opp."). Plaintiff has not filed a reply.

The facts of this case are well-known to the parties, and the Court will only set forth those relevant to the instant motion. Plaintiff filed the complaint in this case on June 17, 2015. Dkt. 1. The operative Second Amended Complaint, filed November 4, 2015, alleged claims for violations of plaintiff's civil rights under 42 U.S.C. § 1983 and California's Bane Civil Rights Act, Cal. Civ. Code § 52.1, as well as false imprisonment against Derry. Dkt. 24 ("SAC") ¶¶ 36–57. The claims arose from alleged misconduct surrounding plaintiff's arrest in a real estate fraud case prosecuted in the Los Angeles County Superior Court ("Superior Court case").

Relevant here, the district attorney in the Superior Court case filed a "1275 hold motion," which is an *ex parte* motion requesting that no bail funds be accepted on a defendant's behalf until a hearing is held to determine whether those funds were obtained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-CV-04607-CAS-RAOx | Date | May 14, 2021 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

feloniously. See Cal. Penal Code § 1275.1. On May 1, 2014, the Superior Court held a hearing on the 1275 hold motion, and granted the motion. Plaintiff alleges he did not receive notice of the hearing. As a result of the Superior Court's order granting the 1275 hold motion, plaintiff was detained without bail from his arrest on May 20, 2014, until May 30, 2014. The Superior Court judge dismissed the charges against plaintiff on September 11, 2014.

After the Court granted defendants' motion for summary judgment in this case, dkts. 50 (motion), 66 (order granting motion), which the Ninth Circuit affirmed in all respects but one, dkt. 73, plaintiff's only remaining claims involved Derry's having allegedly submitted a false declaration in support of the 1275 hold motion. These claims proceeded to trial. After hearing the evidence, a jury found that plaintiff had not shown, by a preponderance of the evidence, that Derry had submitted the declaration with deliberate indifference or reckless disregard for plaintiff's rights or the truth. The Court entered a judgment reflecting this verdict on November 20, 2019. Dkt. 192.

Plaintiff appealed the judgment, dkt. 195, which the Ninth Circuit affirmed on March 19, 2021, dkt. 203 ("Ninth Cir. Ord."). On April 8, 2021, plaintiff brought the instant motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(d)(1) and (d)(3) ("Rule 60(d)(1)" and "Rule 60(d)(3)").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Rule 60 provides several grounds upon which a judgment may be set aside. Subsection (d), Other Powers to Grant Relief, provides in its entirety:

> This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

Rule 60(d)(1) "is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action [for relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:15-CV-04607-CAS-RAOx | Date | May 14, 2021 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

from judgment] if the rule had not been adopted." Inland Concrete Enterprises, Inc. v. Kraft, 318 F.R.D. 383, 416 (C.D. Cal. 2016) (quoting Bailey v. United States, No. CIV 05-310-TUC-CKJ, 2013 WL 6800900, at *2 (D. Ariz. Dec. 23, 2013)) (alteration in original); see 11 Wright, Miller & Kane, Fed. Prac. & Proc. § 2868 (3d ed. Apr. 2021). The rule allows for a procedural remedy by which an aggrieved party may seek relief from a judgment. United States v. Beggerly, 524 U.S. 38, 45 (1998). But such "[i]ndependent actions must … be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." Id. at 46. A party seeking to set aside a judgment by way of Rule 60(d)(1) must show more than would be sufficient under Rule 60(b). Id.

Rule 60(d)(3) permits a court to set aside a judgment for "fraud on the court." Fed. R. Civ. P. 60(d)(3). While Rule 60(c) sets a one-year limit on bringing a motion to vacate a judgment based on "fraud …, misrepresentation, or misconduct," see Fed. R. Civ. P. 60(b)(3), relief based on fraud on the court is not subject to the one-year time limit, United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1167 (9th Cir. 2017). However, "relief from judgment for fraud on the court is 'available only to prevent a grave miscarriage of justice.'" Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). Accordingly, not all fraud is fraud on the court. Id. Among other things, "the relevant misrepresentations must go to the central issue in the case, and must affect the outcome of the case. In other words, the newly discovered misrepresentations must significantly change the picture already drawn by previously available evidence." Id. at 1668 (quotations omitted). Additionally, "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment." Id. (citation omitted).

### III. DISCUSSION

Plaintiff argues that a fraud has been perpetrated against the Court because, as he alleges, the district attorney in the Superior Court case intentionally failed to serve plaintiff with notice of the May 1, 2014 hearing on the 1275 hold motion. Mot. at 5, 11, 16. Although he does not specify how, plaintiff alleges that he "discovered that there was no notice given or proof of service attached to the [1275 hold] motion's documents" after speaking to jurors following the entry of judgment in this case. Id. at 3, 4. Plaintiff also alleges that jurors reported being confused by jury instruction number 11, which instructed the jury to consider certain facts as having been proved, including that the 1275 hold motion was supported by a declaration from Derry. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:15-CV-04607-CAS-RAOx | Date | May 14, 2021 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

Plaintiff's allegations are insufficient to establish fraud on the court for various reasons. First, it appears his allegations relate to fraud committed on the Superior Court in the criminal action, not this Court. Furthermore, the lack of notice does not go to a "central issue" in this case, nor could it have "affect[ed] the outcome of the case," because it does not go to whether Derry submitted a false declaration. Sierra Pac. Indus., Inc., 862 F.3d at 1168. Furthermore, it could not have "significantly change[d] the picture already drawn by previously available evidence" in part because the Court was aware that plaintiff did not receive notice of the hearing—in fact, the crux of plaintiff's Eighth and Fourteenth Amendment claims was Derry's allegedly false statements in support of the 1275 hold motion, so the circumstances around the motion were litigated extensively. See dkt. 73 at 4. And it appears the alleged fraud would have been known to plaintiff before the entry of judgment. His allegation that he learned of the lack of notice only after speaking with jurors in this case is unpersuasive because he does not explain how those conversations led to this realization. In any event, plaintiff necessarily knew that he had not received notice when he learned—years earlier when he could not obtain bail—that the May 1, 2014 hearing had taken place. As noted above, only fraud discovered after the entry of judgment can support setting aside a judgment pursuant to Rule 60(d)(3). Here, plaintiff has failed to describe any facts discovered after the entry of judgment in this case.

Plaintiff also argues, without elaborating, that the alleged fraud on the court "provide[s] adequate grounds for an independent action under Rule 60(d)(1)." Mot. at 22. To the extent plaintiff moves for relief pursuant to Rule 60(d)(1), the argument fails because Rule 60(d)(1) requires that a plaintiff file a separate action—it does not serve to set aside a judgment in the same action. Inland Concrete Enterprises, 318 F.R.D. at 416 ("Kraft has moved for relief from judgment in the same action where the judgment was rendered; he has not filed an independent action to relieve him from judgment, so 60(d)(1) is inapposite."). Even if plaintiff were to bring a separate action, the Court would not set aside the judgment based on plaintiff's fraud on the court theory because, as shown above, that theory fails.

Finally, to the extent plaintiff's motion is based on juror confusion or instructional error, this does not constitute fraud on the court. In any event, plaintiff raised this precise issue on appeal, and the Ninth Circuit found that "the instructions as a whole … adequately covered the issues presented, correctly stated the law, and were not confusing." Ninth Cir. Ord. at 2–3. Furthermore, to the extent plaintiff's motion is based on Rule 60(b)(3), see

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-CV-04607-CAS-RAOx | Date | May 14, 2021 |
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

Mot. at 21, it is denied as time-barred because it was brought more than a year after the entry of judgment. Fed. R. Civ. P. 60(c).

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to vacate the judgment entered in this case.[1]

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] The Court exercises its discretion and **DENIES** defendants' request for sanctions pursuant to Federal Rule of Civil Procedure 11 because, among other things, plaintiff's motion was not time-barred, as defendants argued.