**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-CV-04607-CAS-RAOx | Date | June 24, 2021 |
|---|---|---|---|
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) – NOTICE OF MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE JUDGMENT TO THIS CASE (CCP 1008(a)) (Dkt. 210, filed on May 26, 2021)

The Court finds this motion appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

**I. INTRODUCTION AND BACKGROUND**

The facts of this case are well-known to the parties, and the Court will only set forth those relevant to the instant motion. Plaintiff Allen Bernard Shay alleged claims against defendants County of Los Angeles and Detective Christopher Derry (together, "defendants") for violations of plaintiff's civil rights under 42 U.S.C. § 1983 and California's Bane Civil Rights Act, Cal. Civ. Code § 52.1, as well as false imprisonment against Derry. Dkt. 24 ¶¶ 36–57. Plaintiff's claims arose from alleged misconduct surrounding plaintiff's arrest in a real estate fraud case prosecuted in the Los Angeles County Superior Court. Plaintiff's claims in this case proceeded to trial where, after hearing the evidence, the jury returned a verdict for the defense. The Court entered a judgment reflecting this verdict on November 20, 2019. Dkt. 192.

On April 8, 2021, plaintiff filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(d)(1) and (d)(3). Dkt. 205. The crux of plaintiff's argument was that a fraud had been perpetrated against the Court because, as plaintiff alleged, the prosecution in the real estate fraud case intentionally failed to give plaintiff notice of a hearing in that case. Dkt. 205 at 5, 11, 16. On May 14, 2021, the Court issued an order denying plaintiff's motion to vacate. Dkt. 209. Now before the Court is plaintiff's May

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS-RAOx | Date | June 24, 2021 |
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

26, 2021 motion for reconsideration of the Court's May 14, 2021 order. Dkt. 210. Defendants opposed on June 14, 2021. Dkt. 211. Plaintiff filed a reply on June 15, 2021.[1]

## II. LEGAL STANDARD

A court may reconsider its own order. See C.D. Cal. L.R. 7-18. Reconsideration of a court's order is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "In this district, motions for reconsideration are governed by Local Rule 7-18," Milton H. Greene Archives. Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), which states: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision," C.D. Cal. L.R. 7-18. Furthermore, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion," C.D. Cal. L.R. 7-18, and "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent," Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004). Finally, "[w]hether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." Milton H. Greene, 568 F. Supp. 2d at 1162.

## III. DISCUSSION

The gravamen of plaintiff's motion for reconsideration is that the Court failed to consider his reply in support of his motion to vacate. A hearing on plaintiff's motion to vacate was set for May 10, 2021, and the last day for plaintiff to file a reply was April 26, 2021. C.D. Cal. L.R. 7-10. Although plaintiff did file a reply on that date, the Data Quality Analyst Clerk did not upload the reply to the electronic filing system until nine days later, on May 5, 2021. Dkt. 207. During that time, the Court reviewed the documents in the

---

[1] On June 14, 2021, plaintiff filed a notice of appeal with the Ninth Circuit appealing the Court's May 14, 2021 order. Dkt. 213. That appeal is pending. See dkt. 215.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04607-CAS-RAOx | Date | June 24, 2021 |
| Title | ALLEN BERNARD SHAY v. COUNTY OF LOS ANGELES ET AL | | |

electronic filing system and prepared the order denying plaintiff's motion to vacate. As a result, while the Court should have considered plaintiff's reply, it failed to do so.

The Court has now reviewed the reply, but the reply does not address the issues identified in the Court's May 14, 2021 order as fatal to plaintiff's motion to vacate, namely, that any alleged fraud on the court would have been a fraud on the Superior Court, that the lack of notice does not go to a central issue in this case, and that the lack of notice was known to plaintiff and the Court before judgment was entered in this case. See dkt. 209 at 4. Accordingly, having considered the reply, the Court finds that it does not cause the Court to change its initial ruling made on May 14, 2021.

Moreover, to the extent that plaintiff seeks to have the Court reconsider its May 14, 2021 ruling on its merits, the Court finds that plaintiff has not presented any new facts, new law, or change in circumstances that would justify the Court's reconsidering its ruling. See C.D. Cal. L.R. 7-18.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for reconsideration.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |